IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MORGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BURTON CORPORATION d/b/a BURTON SNOWBOARDS,<br><br>Defendant. | Case No. 2:23cv-366<br><br>DEMAND FOR JURY TRIAL |

### DEFENDANT'S NOTICE OF REMOVAL

Defendant The Burton Corporation ("Burton"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, removes this action from the Vermont Superior Court, Chittenden Unit ("Superior Court") to the United States District Court for the District of Vermont.

Pursuant to 28 U.S.C. § 1446(a), true and accurate copies of all process, pleadings, and orders served upon Burton in the Superior Court case are attached as Exhibit A to this Notice. Burton will file a copy of this Notice with the Superior Court.

The grounds for removal are as follows:

### BACKGROUND

1. In March 2023, Burton began providing notifications concerning a data security incident wherein personally identifiable information ("PII") may have been subject to unauthorized access (the "Incident"). *See* Ex. A, Compl. ¶ 6.

2. On July 19, 2023, David Morgan ("Plaintiff"), on behalf of himself and all others similarly situated, filed a putative class action complaint against Burton in Vermont Superior Court, Chittenden Unit, styled *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Case No. 23-CV-03080, alleging claims for negligence, negligence *per se*, breach of implied contract,

unjust enrichment, invasion of privacy–intrusion upon seclusion, violation of the Vermont Consumer Protection Act, violation of the California Consumer Privacy Act of 2018, and Violation of the California Customer Records Act. *Id.*, ¶¶ 130–223.

3. Plaintiff alleges he was affected by the Incident and seeks certification of a nationwide class and a California subclass consisting of similarly situated persons. *Id.*, ¶¶ 115–17. Plaintiff seeks relief including damages, restitution, declaratory and other equitable relief, injunctive relief, attorneys' fees, costs, pre- and post-judgment interest, and "[a]ny and all such relief to which Plaintiff and the Class are entitled." *Id.*, Prayer for Relief.

**I. Removal is timely.**

4. Plaintiff filed this lawsuit on July 19, 2023, and requested that Burton accept service on August 2, 2023, which Burton promptly did. Burton timely removed this action within thirty (30) days of service of the Complaint. *See* 28 U.S.C. § 1446(b).

5. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

**II. This Court has original jurisdiction under 28 U.S.C. § 1332(d).**

6. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA") because this case: (A) involves a minimal diversity of citizenship among the parties; (B) is a putative class action with over 100 proposed plaintiff class members; and (C) the aggregate amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d).

**A. Minimal diversity of citizenship exists.**

7. Federal courts may exercise jurisdiction over a class action if "any member of a class of plaintiffs is a citizen of a State different from any defendant" and the requirements

discussed in sections B and C below are satisfied. *See* 28 U.S.C. § 1332(d)(2)(A); *Shulman v. Chaitman LLP*, 392 F. Supp. 3d 340, 351 (S.D.N.Y. 2019).

8. Plaintiff is a resident of California. *See* Ex. A, Compl. ¶ 8.

9. Plaintiff purports to represent a "nationwide class action on behalf of himself, and on behalf of all other persons similarly situated[.]" *Id.*, ¶ 115.

10. Burton is a corporation organized and existing under the laws of Vermont with its principal place of business located in Vermont. *Id.*, ¶ 9.

11. Because Burton and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) (providing for CAFA jurisdiction where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Shulman*, 392 F. Supp. 3d at 351.

### B. Plaintiff alleges a putative class with over 100 proposed members.

12. Plaintiff purports to represent "[a]ll persons whose PII was compromised as a result of the Data Breach experienced by Defendant beginning on February 11, 2023, as announced by Burton, including all persons who received Defendant's Data Breach Notice." *See* Ex. A, Compl. ¶ 116.

13. Plaintiff further alleges that there are more than 5,000 such persons. *Id.* ¶¶ 1, 45, 122. Thus, CAFA's 100-person requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. The CAFA amount in controversy is satisfied.

14. The final requirement for CAFA jurisdiction—that the amount in controversy exceed $5 million—is also satisfied. *Id.* at § 1332(d)(2).

15. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating*

*Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (quoting S. REP. NO. 109-14, P. 43 (2005)). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

16. Courts may consider the combined total amount of alleged actual damages and punitive damages. *See Kocienda v. U-Haul Int'l, Inc.*, No. 3:07CV954(WWE), 2007 WL 2572269, at *1 (D. Conn. Sept. 4, 2007) ("Where a plaintiff seeks punitive damages, such damages must be considered to the extent claimed in determining jurisdictional amount.") (citing *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir.1991)). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *See Henry v. Warner Music Grp. Corp.*, No. 13-CV-5031 (PGG), 2014 WL 1224575, at *3 (S.D.N.Y. Mar. 24, 2014). Finally, the costs of complying with an injunction are included in the amount in controversy. *See Kim v. Trulia, LLC*, No. 19CV06733DLIRER, 2021 WL 8743946, at *4 (E.D.N.Y. Mar. 31, 2021).

17. Under the California Consumer Records Act, Plaintiff and putative class members may recover up to $500 per person, or up to $3,000 per person if the defendant's conduct was "willful, intentional, or reckless," in addition to attorneys' fees and costs. *See* Cal. Civ. Code § 1798.84. Plaintiff alleges "willful" and intentional conduct and asserts claims on behalf of more than 5,000 putative Class Members. *See* Ex. A, Compl. ¶¶ 1, 6, 209, 214–15, 221–22. This corresponds to a range of $2.5 million to $15 million in alleged damages. Assuming an attorneys' fee award of one-third, the corresponding fees would be between $833,333 and $5 million. Moreover, these amounts "are cumulative to each other and to any other rights and remedies available under law." *See* Cal. Civ. Code § 1798.84(h).

18. Plaintiff seeks injunctive relief "requiring [Burton] to (i) strengthen their data security systems and monitoring procedures; (ii) submit to future annual audits of those systems and monitoring procedures; and (iii) provide adequate credit monitoring to all Class Members." *See* Ex. A, Compl. ¶¶ 123(l), 128, 141, 164, 186, 192, 199. Since Plaintiff and putative class members allege "a lifetime risk of identity theft," their demand for "adequate credit monitoring" will necessarily be a demand for lifetime monitoring. *See* Ex. A, Compl. ¶¶ 50, 60 (alleging putative class members "face a lifetime risk of identity theft" so Burton's offer of one yar of identity theft protection is "wholly insufficient to compensate Plaintiff and the Class Members for their damages"). By way of illustration, the least expensive plan offered by LifeLock is $7.50 per month. *See* https://lifelock.norton.com/#planschart (accessed Aug. 3, 2023). Therefore, if the Court conservatively estimates that each of the 5,000 putative class members will live another 20 years, the resulting damages are $9,000,000 (5,000 putative class members * 240 months * $7.50).

19. Under the California Consumer Privacy Act of 2018, Plaintiff and putative class members may recover actual damages or statutory damages of $100 to $750 per person, whichever is greater, and injunctive relief. *See* Cal. Civ. Code § 1798.150(a)(1)(A)–(B). The Complaint asserts claims under the California Consumer Privacy Act of 2018 on behalf of over 5,000 putative Class Members and makes clear that Plaintiff will seek statutory damages. Ex. A, Compl. ¶¶ 1, 194, 207. This corresponds to a range of $500,000 to $3.75 million.

20. Plaintiff asserts unjust enrichment claims on behalf of the entire class of 5,000 "prospective, current, and former employees[.]" *Id.*, ¶¶ 1, 29, 167. In connection with these claims, Plaintiff seeks to recover "the value of all services and benefits" provided by these "prospective, current, and former employees[.]" *Id.*, ¶ 171. If the Court assumes that, on average, each of these 5,000 "prospective, current, and former employees" provided $1,000 in services, that amount alone

would amount to $5 million and satisfy the jurisdictional threshold. Indeed, this would be a very conservative given that the overwhelming majority of current and former employees undoubtedly provided well in excess of $1,000 in services during the course of their employment.

21. Under the Vermont Consumer Protection Act, Plaintiff and putative class members may recover actual damages, attorneys' fees, and exemplary damages of up to 300% of the consideration they provided to the defendant and can also obtain injunctive relief. *See* 9 V.S.A. § 2461(b). The Complaint asserts claims under the Vermont Consumer Protection Act on behalf of all putative Class Members, or over 5,000 persons. Ex. A, Compl. ¶¶ 1, 192.

22. Plaintiff and putative class members further seek to recover punitive damages. *Id.*, ¶¶ 140, 148, 170, 185, 191, 192, 223, Prayer for Relief.

23. Plaintiff and putative class members further seek to recover for the alleged "diminution in value of their PII," which Plaintiff alleges "has considerable market value." *Id.*, ¶¶ 86(c), 97.

24. Plaintiff and putative class members further seek damages for monetary losses, lost time, emotional distress, "[o]ut-of-pocket expenses associated with the prevention, detection, recovery, and remediation from identity theft or fraud," including lost wages. *See* Compl. ¶¶ 1, 51, 86.

25. Thus, the amount in controversy element is easily satisfied for purposes of CAFA jurisdiction.

**III.   Reservation of rights and denial of liability.**

26. Nothing in this Notice is intended or should be construed as an express or implied admission by Burton of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's

claims or allegations, or as a limitation of any of Burton's rights, claims, remedies, and defenses in connection with this action.

27.     Burton does not concede liability on any of the claims asserted in the Complaint or that Plaintiff or putative class members are entitled to recover any damages. Burton merely recognizes that "the matter in controversy exceeds the sum or value of $5,000,000." *See* 28 U.S. Code § 1332(d)(2).

WHEREFORE, Burton removes the above-captioned action now pending in the Vermont Superior Court, Chittenden Unit, to the United States District Court for the District of Vermont.

Dated: August 31, 2023

Respectfully submitted,

*Stephen Soule*

Stephen J. Soule
Vermont Bar No. 1188
PAUL FRANK + COLLINS P.C.
One Church Street, PO Box 1307
Burlington, Vermont 05402-1307
(802) 658-2311
ssoule@pfclaw.com

Edward J. McAndrew (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
emcandrew@bakerlaw.com

Evan M. Mannering (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
1050 Connecticut Ave, NW
Suite 1100
Washington, DC 20036
(202) 861-1500
emannering@bakerlaw.com

*Attorneys for The Burton Corporation*

## CERTIFICATE OF SERVICE

I, Stephen J. Soule, certify that on August 31, 2023, the foregoing *Notice of Removal*, was served via electronic mail on the following:

D. James Mackall
Shillen Mackall & Seldon
21710 Maxham Meadow Way
Suite 2A
Woodstock, VT 05091
(802) 243-0078
djmackall@promotingjustice.com

Lynn A. Toops
Mary Kate Dugan
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
mdugan@cohenandmalad.com

J. Gerard Stranch, IV
Andrew E. Mize
STRANCH, JENNINGS & GARVEY, PLLC
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com
amize@stranchlaw.com

Samuel J. Strauss
TURKE & STRAUSS, LLP
613 Williamson St, Suite 201
Madison, Wisconsin 53703
(608) 237-1775
sam@turkestrauss.com

_/s/ Stephen J. Soule_
Stephen J. Soule

8941045_1:15381-00001