Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| DAVID MORGAN, individually and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:23-CV-00366-GWC |
| v. | ) | |
| | ) | |
| THE BURTON CORPORATION d/b/a BURTON SNOWBOARDS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Plaintiff David Morgan ("Plaintiff" or "Class Representative"), on behalf of themselves and all others similarly situated, and Defendant The Burton Corporation ("Burton" or "Defendant") (collectively, the "Parties"), hereby enter into this Class Action Settlement Agreement and Release ("Settlement Agreement" or "Settlement"), subject to Court approval. In consideration of the mutual promises, agreements, and covenants contained herein, the sufficiency and receipt of which are hereby acknowledged, the Parties stipulate and agree as follows:

1.    **Recitals**

**WHEREAS,** Plaintiff alleges that on or about March 27, 2023, they received notice from Defendant that it was the target of a cyberattack (the "Incident"), which may have resulted in the compromise of Plaintiff's personally identifiable information ("PII");

**WHEREAS,** on July 19, 2023, Plaintiff filed a putative class action captioned *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, in the Superior Court for the State of Vermont, Case No. 23-CV-03080, and such action was subsequently removed to the U.S. District Court for the District of Vermont, Case No. 2:23-cv-00366-GWC, ECF No. 1-2 (the "Complaint"), alleging that Defendant failed to adequately safeguard the PII of Plaintiff and others;

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

**WHEREAS**, Class Representative seeks to certify a class affected by the Incident as follows:

> All persons whose personally identifiable information was potentially accessed in the data security incident alleged in the Complaint, ECF No. 1-2.

**WHEREAS,** Burton denies liability, and Plaintiff and Burton recognize the outcome of the Action and the claims asserted in the Complaint are uncertain, and that pursuing the Action to judgment would entail substantial cost, risk and delay;

**WHEREAS,** before incurring the expense of further litigation, the Parties agreed to discuss a potential resolution of this matter;

**WHEREAS,** the Parties have explored and discussed at length the factual and legal issues in the Action and have participated in negotiations with an experienced mediator, concerning the issues raised by Plaintiff in the Action, and have agreed to a global, final settlement of the Action that renders the need for further litigation unnecessary;

**WHEREAS,** the Parties desire to compromise and settle all issues, claims, and/or facts asserted in the Action, or that could have been asserted based upon the facts alleged in the Action, by or on behalf of Class Representative and the Class;

**WHEREAS,** Class Representative, by and through Class Counsel, have (a) made a thorough investigation of the facts and circumstances surrounding the allegations asserted in the Action, (b) engaged in investigation of the claims asserted in the Action, and (c) evaluated and considered the law applicable to the claims asserted in the Action, including the defenses that Burton likely would assert;

**WHEREAS,** Plaintiff's counsel are experienced in this type of class litigation, recognize the costs and risks of prosecution of this Action, and believe that it is in Class Representative's

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

interest, and the interest of all Class Members, to resolve this Action, and any and all claims against Burton arising from the conduct alleged in the Action;

**WHEREAS**, Burton does not believe Class Representative's claims are meritorious and has denied and continues to deny any and all claims alleged by Class Representative, and has denied and continues to deny that it is legally responsible or liable to Class Representative or any member of the Class for any of the matters and/or claims asserted in this Action, but has concluded that settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all pending and potential claims of Class Representative and all members of the Class relating to claims which were or could have been asserted by Class Representative and the Class in this Action relating to the alleged practices and Incident at issue;

**WHEREAS**, the Parties agree that the proposed Settlement is fair, adequate, and reasonable;

**WHEREAS**, significant arm's-length settlement negotiations have taken place between the Parties and, as a result, this Settlement Agreement has been reached without collusion;

**WHEREAS**, the undersigned Parties believe this Settlement Agreement offers significant benefits to Class Members and is fair, reasonable, adequate and in the best interest of Class Members; and

**WHEREAS**, this Settlement Agreement is made and entered into by and between Class Representative, individually and on behalf of the Class, and Burton;

**NOW, THEREFORE**, it is hereby stipulated and agreed, by and between the Parties, as follows:

2. **Definitions**

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

As used in this Settlement Agreement, the following terms shall have the meanings set forth below. Where appropriate, terms used in the singular shall be deemed to include the plural and vice versa.

A.     "Action" means the case styled *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Case No. 2:23-cv-00366-GWC (United States District Court, District of Vermont).

B.     "Burton" means The Burton Corporation.

C.     "Class" and "Settlement Class" mean all persons whose personally identifiable information was potentially accessed in the data security incident alleged in the Complaint, ECF No. 1-2. Excluded from the Settlement Class are: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads *nolo contendere* to any such charge.

D.     "Class Counsel" means Shillen Mackall & Seldon, Cohen & Malad, LLP, Jennings & Garvey, PLLC, and Strauss Borrelli PLLC.

E.     "Claim" means a claim for settlement benefits made under the terms of this Settlement Agreement.

F.     "Claims Deadline" means ninety (90) calendar days from the Class Notice Date, or a date otherwise ordered by the Court.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

G.     "Claim Form" means the form a Final Settlement Class Member must submit to receive a settlement share under this Settlement, substantially similar to **Exhibit 1**, mutually prepared and agreed upon by the Parties.

H.     "Class Members" and "Settlement Class Members" mean members of the "Class" and "Settlement Class" as set forth in Paragraph C above.

I.     "Class Notice" means the Court-approved short form notice to be individually mailed via first-class USPS mail or email (if available) to the Settlement Class Members in a form substantially similar to **Exhibit 2**, mutually prepared and agreed upon by the Parties.

J.     "Class Notice Date" means thirty (30) calendar days after the Court's entry of the Preliminary Approval Order.

K.     "Class Representative" or "Plaintiff" means David Morgan.

L.     "Court" means the United States District Court for the District of Vermont.

M.      "Defendant's Counsel" means Edward J. McAndrew and Evan M. Mannering of Baker & Hostetler LLP and Pamela L.P. Eaton of Paul Frank + Collins PC.

N.     "Effective Date" means (1) if there are no objections to the Settlement submitted, or any timely objections have been submitted and then withdrawn before entry of the Final Approval Order, then the date the Court enters the Final Approval Order; or (2) if an objection to the Settlement has been submitted by a member of the Final Settlement Class found by the Court to have standing to object, sixty-five (65) calendar days after the Court enters the Final Approval Order; or (3) if any appeal, writ or other appellate proceeding opposing the Court's Final Approval Order has been filed by a member of the Final Settlement Class found by the Court to have standing to object, five (5) business days after any appeal, writ or other appellate proceedings opposing the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Final Approval Order have been finally and conclusively dismissed with no right to pursue further remedies or relief.

O.    "Final Approval Hearing" means the hearing at which the Court will consider and finally decide whether to enter the Final Approval Order and whether to approve payment of Plaintiff's Counsel's Fees and Expenses and Plaintiff's Service Award.

P.    "Final Approval Order" means the Final Approval Order and separate Judgment of the Court that approve this Settlement Agreement and make such other final rulings as are contemplated by this Settlement Agreement, substantially similar to the order and judgment collectively attached to this Settlement as **Exhibits 5** and **6**, respectively, mutually prepared and agreed upon by the Parties.

Q.    "Final Settlement Class" refers to all members of the Settlement Class who do not timely and validly exclude themselves from the Class in compliance with the exclusion procedures set forth in this Settlement.

R.    "Final Settlement Class Member" refers to a member of the Final Settlement Class.

S.    "Incident" means the cyberattack alleged in the Complaint (ECF No. 1-2).

T.    "Long Form Notice" means notice to the Class posted on the Settlement Website substantially similar to **Exhibit 3** hereto, mutually prepared and agreed upon by the Parties, informing the Class of, among other things, (1) the preliminary approval of the Settlement, (2) the scheduling of the Final Approval Hearing, (3) the Settlement benefits available to Final Settlement Class Members, and (4) their opportunity to participate in, object to or exclude themselves from the Settlement.

U.    "Objection Date" means sixty (60) calendar days from the Class Notice Date, or a date otherwise ordered by the Court, for members of the Class to object to the Settlement

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Agreement's terms, Plaintiff's Counsel's Fees and Expenses, or Plaintiff's Service Award and to submit any required statements, proof, or other materials and/or argument.

V.    "Parties" means Plaintiff and Defendant.

W.    "Plaintiff's Counsel's Fees and Expenses" means $170,000, the amount of fees and expenses Class Counsel will seek to be awarded by the Court.

X.    "Preliminary Approval Order" means the order of the Court preliminarily approving this Settlement Agreement, substantially similar to the order attached as **Exhibit 4**, mutually prepared and agreed upon by the Parties.

Y.    "Released Claims" means any and all injuries, losses, damages, costs, expenses, compensation, claims, suits, rights, rights of setoff and recoupment, demands, actions obligations, causes of action, and liabilities of any and every kind, nature, type, description, or character, whether known or unknown, contingent or vested, in law or in equity, based on direct or vicarious liability, regardless of legal theory, of Plaintiff or any Final Settlement Class Members that were or could have been asserted (whether individually or on a class-wide basis) based on, relating to, concerning or arising out of the Incident, alleged theft or misuse of PII, or the allegations, facts, or circumstances related to the Incident as described in the Action including, without limitation, any causes of action for or under any data security or breach notification laws and similar consumer protection statutes; negligence; negligence per se; breach of contract; breach of implied contract; breach of fiduciary duty; breach of confidence; invasion of privacy; misrepresentation (whether fraudulent, negligent or innocent); unjust enrichment; bailment; wantonness; failure to provide adequate notice pursuant to any breach notification statute or common law duty; any federal, state or local statutory or regulatory claims, including but not limited to, the consumer protection laws and unfair and deceptive trade practice laws or other common laws or statues of all fifty (50) states,

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

U.S. territories, and the United States; and further including, but not limited to, any and all claims for damages, injunctive relief, disgorgement, declaratory relief, equitable relief, attorneys' fees and litigation costs, expenses, pre-judgment interest, credit monitoring services, the creation of a fund for future damages, statutory damages, punitive damages, special damages, exemplary damages, restitution, the appointment of a receiver, and any other form of relief that either has been asserted, or could have been asserted, by Plaintiff or any Final Settlement Class Member against any of the Released Parties based on, relating to, concerning or arising out of the Incident, alleged theft or misuse of PII or the allegations, facts, or circumstances related to the Incident. Released Claims shall include Unknown Claims as defined in Section 2(GG). Released Claims shall not include the claims of Class Members who have timely excluded themselves from the Settlement Class. The Released Claims shall be accorded the broadest preclusive scope and effect permitted by law against the Final Settlement Class Members and this definition of Released Claim is a material term of this Settlement Agreement.

Z.    "Released Parties" means Burton and Channel Islands Surfboards, and their parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates, and related entities and all their respective past and present directors, officers, managers, shareholders, employees, partners, principals, agents, attorneys, contractors, insurers, reinsurers, subrogees, assigns and related or affiliated entities.

AA.    "Request for Exclusion" means a timely and valid request by any Class Member for exclusion from the Settlement. If any Class Member delivers both a timely and valid Claim Form to the Settlement Administrator and a timely and valid request for exclusion, the request for exclusion will be deemed to be invalid and the Claim Form will be processed.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

BB.    "Request for Exclusion Deadline" means sixty (60) calendar days from the Class Notice Date, or a date otherwise ordered by the Court, for Class Members to request exclusion from the Settlement.

CC.    "Service Award" means the amount of $5,000 to be paid to the two Class Representative subject to approval by the Court.

DD.    "Settlement" and "Settlement Agreement" mean the agreement by the Parties to resolve this Action, the terms of which have been memorialized herein.

EE.    "Settlement Administrator" means Kroll Settlement Administration LLC.

FF.    "Settlement Website" means the website (URL to be approved by both parties) to be established by the Settlement Administrator that will inform members of the Settlement Class of the terms of this Settlement Agreement, their rights, dates and deadlines and related information, including the date and time of the Final Approval Hearing, and shall include in .pdf format and available for download the following: (1) the Class Notice, (2) the Claim Form, (3) the Preliminary Approval Order, (4) this Settlement Agreement, (5) the Complaint, and (6) any other materials agreed upon by the Parties and/or required by the Court. The Settlement Website shall provide the members of the Settlement Class with the ability to complete and submit the Claim Form electronically.

GG.    "Unknown Claims" means any of the Released Claims that any Class Member, including Plaintiff, does not know or suspect to exist as of the date of the entry of the Preliminary Approval Order that, if known by any of them, might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to and/or to participate in this Settlement Agreement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff expressly shall have, and each of the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

other Class Members shall be deemed to have, and by operation of the Judgment shall have, waived

the provisions, rights, and benefits conferred by California Civil Code § 1542, and also any and

all provisions, rights, and benefits conferred by any law of any state, province, or territory of the

United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent.

Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or

equivalent to California Civil Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR
> OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
> HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF
> KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
> SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Final Settlement Class Members, including Plaintiff, and any of them, may hereafter discover facts

in addition to, or different from, those that they, and any of them, now know or believe to be true

with respect to the subject matter of the Released Claims, but Plaintiff expressly shall have, and

each other Final Settlement Class Member shall be deemed to have, and by operation of the

Judgment shall have, upon the Effective Date, fully, finally and forever settled and released any

and all Released Claims. The Parties acknowledge, and Final Settlement Class Members shall be

deemed by operation of the Judgment to have acknowledged, that the foregoing waiver is a

material element of the Settlement Agreement of which this release is a part.

3. **Required Events**

Promptly after execution of this Settlement Agreement by all Parties:

A.    Class Counsel and Defendant's Counsel shall take all reasonable and necessary

steps to obtain entry of the Preliminary Approval Order and obtain entry of the Final Approval

Order. Class Counsel, with Burton's pre-filing review, shall prepare and file all documents in

connection with the Motion for Preliminary Approval and the Motion for Final Approval.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

B.    Within ten (10) calendar days of the filing of the Motion for Preliminary Approval, Burton shall provide notice to state Attorneys General or others as required by 28 U.S.C. § 1715(b).

C.    The Parties acknowledge that prompt approval, consummation, and implementation of the Settlement set forth in this Settlement Agreement are essential. The Parties shall cooperate with each other in good faith to carry out the purposes of and effectuate this Settlement Agreement, shall promptly perform their respective obligations hereunder, and shall promptly take any and all actions and execute and deliver any and all additional documents and all other materials and/or information reasonably necessary or appropriate to carry out the terms of this Settlement Agreement and the transactions contemplated hereby.

D.    Upon Entry of the Final Approval Order, the Court must enter Judgment in accordance with the terms of this Settlement Agreement, substantially as provided in the Final Approval Order. The Final Approval Order must enjoin the prosecution of any litigation or class action by Plaintiff or any Class Member related to or arising out of the Complaint and Action.

**4. <u>Settlement Class Member Benefits</u>**

A.    <u>Reimbursement for Ordinary Losses, Extraordinary Losses, and Lost Time</u>: The following reimbursement is available to Settlement Class Members who submit valid and timely Claim Forms. Claims will be subject to review for completeness, plausibility, and reasonable traceability to the Incident by the Settlement Administrator. Valid Claims will be reimbursed.

1.    *Reimbursement for Ordinary Losses*: Burton will provide reimbursement for unreimbursed out-of-pocket Ordinary Losses that are fairly traceable to the Incident, up to five hundred dollars ($500) to each Settlement Class Member, upon submission of a Claim Form. Ordinary Losses would include, without limitation and by way of example, unreimbursed losses relating to fraud or identity theft; professional fees including attorneys' fees, accountants' fees,

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after mailing of the notice of the Incident, through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

      2.    *Extraordinary Losses*: Burton will provide up to five thousand dollars ($5,000) in reimbursement for extraordinary losses to each Settlement Class Member upon submission of a Claim Form, including necessary supporting documentation, for proven monetary losses if:

    a.    The loss is an actual, documented, and unreimbursed monetary loss;

    b.    The loss was more likely than not caused by the Incident;

    c.    The loss occurred between February 11, 2023, and the Claims Deadline;

    d.    The loss is not already covered by one or more of the normal reimbursement categories; and

    e.    The Settlement Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including but not limited to, exhaustion of all available credit monitoring insurance and identity theft insurance ("Extraordinary Losses").

      3.    *Reimbursement for Lost Time*: Burton will provide reimbursement for up to four (4) hours of lost time at twenty-one dollars and twenty-five cents ($21.25) per hour, but only if at least one (1) full hour was spent. Settlement Class Members may submit Claims for up to four (4) hours of lost time with an attestation that the lost time was spent responding to issues raised by the Incident ("Lost Time").

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

4.     *Alternative Cash Payment*: In lieu of the benefits outlined in Paragraph 4(A)(1)-(3) above, Settlement Class Members may submit Claims for compensation of sixty-five ($65) each ("Alternative Cash Payment").

B.     <u>Identity Theft Protection and Credit Monitoring</u>: Burton will offer Settlement Class Members two years of credit monitoring and identity theft protection services from a mutually acceptable service provider at no cost to Settlement Class Members. The services must include credit monitoring with all three credit bureaus and at least $1,000,000.00 in identity theft insurance.

C.     <u>Injunctive Relief</u>: Burton will provide reasonable assurances that it has implemented data security changes and data breach mitigation measures. Costs associated with these remediation and security enhancements have been paid by Defendant separate and apart from other settlement benefits. The Parties have conferred, and Plaintiff agrees that the measures undertaken by Burton constitute reasonable measures to remediate the Incident and prevent a future data security incident and that no further data security changes or data breach mitigation measures are required.

5.  <u>**Claims Reimbursement Process**</u>

A.     Settlement Class Members seeking reimbursement under Section 4 must complete and submit a Claim Form to the Settlement Administrator, either online or postmarked on or before the Claims Deadline, which shall be on or before ninety (90) calendar days after the Notice Date. All claims submitted after the Claims Deadline shall be automatically denied. The Claim Form must be verified by the Settlement Class Member with a statement attesting that his or her claim is true and correct, to the best of his or her knowledge and belief. Except with respect to claims for Lost Time, the Settlement Class Member must submit reasonable documentation that: (1) with

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

respect to claims for Ordinary Losses, the out-of-pocket expenses claimed were fairly traceable to the Incident, and (2) with respect to claims for Extraordinary Losses, that the loss was more likely than not caused by the Incident. Reasonable documentation supporting a claim for reimbursement of Ordinary or Extraordinary Losses shall include, but not be limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Failure to provide supporting documentation as requested on the Claim Form shall result in the denial of a claim. Disputes as to the claims submitted under this paragraph are to be resolved pursuant to the provisions stated in Section 6.

B.    Settlement Class Members seeking reimbursement for expenses or losses described in Section 4 must complete and submit a Claim Form to the Settlement Administrator, together with necessary supporting documentation (other than for claims for Lost Time), postmarked or submitted online via the Settlement Website, no later than on or before the Claims Deadline. Nothing in this Settlement Agreement shall be construed to provide for a double payment for the same loss or injury that was reimbursed or compensated by any other source.

**6.   Claims Administration and Resolution**

A.    The Settlement Administrator, in its sole discretion to be reasonably exercised in accordance with the above-stated provisions, will determine whether: (1) the claimant is a Settlement Class Member; (2) the claimant has provided all information needed to complete the Claim Form, including any documentation or certification that may be necessary to reasonably support the expenses described in Section 4 (except claims for Lost Time); and (3) with respect to claims for Ordinary Losses, the out-of-pocket expenses claimed were fairly traceable to the Incident, and, with respect to claims for Extraordinary Losses, that the loss was more likely than not caused by the Incident (collectively, "Facially Valid"). The Settlement Administrator may, at

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

any time, request from the claimant in writing, including via email, additional information as the Settlement Administrator may reasonably require to evaluate the claim (e.g., documentation requested on the Claim Form, information regarding the claimed losses, and, for Extraordinary Expenses, available credit monitoring and identity theft insurance, the status of any claims made under such insurance, and the resolution thereof).

B.    Upon receipt of an incomplete or unsigned Claim Form or a Claim Form that is not accompanied by sufficient documentation to determine whether the claim is Facially Valid, the Settlement Administrator shall request additional information ("Claim Supplementation") and give the claimant thirty (30) calendar days to cure the defect before rejecting the claim. Requests for Claim Supplementation shall be made within thirty (30) calendar days of receipt of such Claim Form or thirty (30) days from the Effective Date, whichever comes latest. These requests for Claim Supplementation can be made via mail or email. In the event of unusual circumstances interfering with compliance during the 30-day period, the claimant may request, and for good cause shown (e.g., illness, military service, travel out of the country, mail failures, lack of cooperation of third parties in possession of required information, etc.), shall be given a reasonable extension of the 30-day deadline in which to comply; however, in no event shall the deadline be extended to later than one (1) year from the Effective Date. If the defect is not cured, then the claim will be deemed invalid and there shall be no obligation to pay the claim.

C.    Following receipt of additional information requested as Claim Supplementation, the Settlement Administrator shall have thirty (30) calendar days to accept, in whole or lesser amount, or reject each claim. If, after review of the claim and all documentation submitted by the claimant, the Settlement Administrator determines that such a claim is Facially Valid, either in whole or in part, then the claim shall be paid in accordance with Section 7(C)(16). If the claim is

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

not Facially Valid because the claimant has not provided all information needed to complete the Claim Form and evaluate the claim, then the Settlement Administrator may reject the claim without any further action, subject to the provisions of Section 6. Settlement Class Members shall have thirty (30) calendar days from receipt of the offer to accept or reject any offer of partial payment received from the Settlement Administrator. The Settlement Administrator shall have fifteen (15) calendar days to reconsider its initial adjustment amount and make a final determination. If the final determination is approved by the claimant, then the approved amount shall be the amount to be paid.

7. **Settlement Administration**

A. <u>Engagement of Settlement Administrator</u>. Promptly upon entry of the Preliminary Approval Order (if not sooner), the Parties shall engage Kroll Settlement Administration LLC as the Settlement Administrator.

B. <u>Class Member Information</u>. No later than ten (10) calendar days after entry of the Preliminary Approval Order, Burton shall provide the Settlement Administrator with Settlement Class Member information necessary for the Settlement Administrator to mail the Postcard Notice to Settlement Class Members.

C. <u>Duties of Settlement Administrator</u>. In addition to other duties as set forth in this Settlement Agreement, the Settlement Administrator shall be solely responsible for the following:

    1. Preparing, printing, and disseminating the Postcard Notice to Class Members;

    2. No later than the Class Notice Date, sending by First Class Mail the Postcard Notice to all known Class Members. The Parties agree to use their best efforts and to work cooperatively to obtain the best practicable Class

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Member contact information prior to the date of mailing of the first Postcard Notice. For those Postcard Notices that are returned as undeliverable with a forwarding address, the Settlement Administrator will forward the Postcard Notice to the new address. For those Postcard Notices that are returned as undeliverable with no forwarding address, the Settlement Administrator will run a skip trace to obtain a current address and re-mail Postcard Notices to any current addresses it locates;

3.  From the date of mailing of the first Postcard Notice, and thereafter for six (6) months after the Effective Date, maintaining (1) the Settlement Website, and (2) a toll-free number with recorded answers to commonly asked settlement questions, the ability to leave a message and request a call back, and reference to the Settlement Website;

4.  Keeping track of Requests for Exclusion, including maintaining the original mailing envelope in which each request was mailed;

5.  Keeping track of Claim Forms, including maintaining the original mailing envelope in which each form was mailed;

6.  Keeping track of objections, including maintaining the original mailing envelope in which each objection was mailed;

7.  Keeping track of all other communications from Class Members, including maintaining the original mailing envelope in which any communication was mailed;

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

8.  Maintaining adequate records of its activities, including the dates of each mailing of Class Notices, returned mail and other communications, and attempted written or electronic communications with Class Members;

9.  Promptly furnishing to counsel for the Parties (1) copies of any Requests for Exclusion, (2) copies of any objections, and (3) all other written or electronic communications received from Class Members;

10. Determining whether Requests for Exclusion comply with the terms of this Settlement Agreement and are timely and valid and effective to exclude the submitting Class Member from the Class;

11. Determining whether Claim Forms comply with the terms of this Settlement Agreement and are timely and valid;

12. Promptly preparing and distributing any rejection of a Request for Exclusion to the submitting Class Member. Rejections shall set forth the reasons for rejection, including the reason(s) the Request for Exclusion fails to comply with the terms of this Settlement Agreement;

13. Promptly preparing and distributing notices of deficiencies to the submitting Class Member that set forth the reasons their Claim Form is deficient, including the reason(s) the Claim Form fails to comply with the terms of this Settlement Agreement;

14. Delivering to the Parties' counsel in a reasonably timely manner, but in no event later than sixteen (16) court days before the Final Approval Hearing, a written report concerning all Requests for Exclusion (valid and invalid), all Claim Forms (valid and deficient), and all objections;

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

15.   Preparing a list of Final Settlement Class Members;

16.   No later than sixty (60) calendar days after the Effective Date, paying Settlement Class Members for valid Claims by electronic payment or check sent by First Class Mail;

17.   No later than ten (10) calendar days after the Effective Date, distributing any Service Award approved by the Court in the amount of the award approved by the Court to their attorneys of record;

18.   No later than ten (10) calendar days after the Effective Date, preparing and distributing, in accordance with this Settlement Agreement and the Final Approval Order Plaintiff's Counsel's Fees and Expenses as directed by Class Counsel; and

19.   Confirming in writing its completion of the administration of the Settlement.

D.    <u>Costs of Settlement Administration</u>. All expenses incurred in administering this Settlement Agreement, including the cost of Postcard Notice, Settlement Website, and toll-free telephone line, the cost of distributing and administering the benefits of the Settlement Agreement, and the Settlement Administrator's reasonable fees shall be paid to the Settlement Administrator by Defendant, subject to the approval of the Court.

**8.   <u>Order of Preliminary Approval and Publishing of Notice of Fairness Hearing.</u>**

A.    As soon as practicable after the execution of the Settlement Agreement, Class Counsel and Defendant's Counsel shall jointly submit this Settlement Agreement to the Court, and Class Counsel shall file an assented-to motion for preliminary approval of the Settlement with the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Court requesting entry of a Preliminary Approval Order in the form attached hereto as **Exhibit 4**, or an order substantially similar to such form in both terms and costs, requesting, *inter alia*:

1.  certification of the Settlement Class for settlement purposes only;

2.  an order directing issuance of class notice pursuant to Fed. R. Civ. P.23(e);

3.  preliminary approval of the Settlement Agreement as set forth herein;

4.  appointment Shillen Mackall & Seldon, Cohen & Malad, LLP, J. Gerard Stranch, Jennings & Garvey, PLLC, and Strauss Borrelli PLLC as Class Counsel;

5.  appointment of the Plaintiff as Class Representative;

6.  appointment of Kroll Settlement Administration LLC as Claims Administrator, or such other provider of claims administration and notice provider services, as may be jointly agreed to by the Parties and approved by the Court;

7.  approval of the Class Notice, attached hereto as **Exhibit 2**;

8.  approval of the Long Form Notice, attached hereto **Exhibit 3**.

**9.  <u>Requests for Exclusion by Class Members</u>**

A.    Any Class Member may make a Request for Exclusion by mailing such request in writing to the Settlement Administrator at the address set forth in the Class Notice. Any Request for Exclusion must be postmarked no later than sixty (60) calendar days after the Class Notice Date or such other date specified in the Court's Preliminary Approval Order. The Request for Exclusion shall (1) state the Class Member's full name and current address, and be personally signed; and (2) specifically state his or her desire to be excluded from the Settlement and from the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Class. Failure to comply with these requirements and to timely submit the Request for Exclusion will result in the Class Member being bound by the terms of the Settlement.

B.    Any Class Member who submits a timely Request for Exclusion may not make any objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

C.    The Settlement Administrator shall provide Class Counsel and Defendant's counsel with a weekly report informing them of any Requests for Exclusion received by the Settlement Administrator during each week following the Class Notice Date. The Settlement Administrator must provide Class Counsel with a declaration identifying all Class Members who requested exclusion from the Settlement and indicating those requests that were untimely no later than sixteen (16) court days prior to the Final Approval Hearing. Class Counsel will file with the Court and serve Burton with the declaration along with their motion for final approval of the Settlement.

D.    No Party will solicit or encourage Requests for Exclusion. Any attempt to do so by Plaintiff or Defendant will be deemed a breach of this Settlement Agreement

**10. Objection to Settlement by Class Members**

A.    Any Class Member may make an objection to the proposed Settlement by mailing a letter to the Settlement Administrator at the address set forth in the Class Notice. To be considered valid, any objection must be mailed and postmarked no later than the Objection Date (i.e., sixty (60) calendar days from the Class Notice Date). Any Class Member who has submitted a Request for Exclusion may not submit any objections or speak at the Final Approval Hearing.

B.    To state a valid objection to the Settlement, an objecting Class Member must mail a letter to the Settlement Administrator setting forth all the following information in writing: (1) the objector's full name, current address, current telephone number, and be personally signed; (2)

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

the case name and case number, *Morgan v. The Burton Corporation d/b/a Burton Snowboards,* Case No. 2:23-cv-00366-GWC (United States District Court for the District of Vermont); (3) documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice the objector received; (4) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (5) copies of any other documents that the objector wishes to submit in support of the objector's position; (6) whether the objecting Class Member intends to appear at the Final Approval Hearing; and (7) whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel.

C.      Subject to approval of the Court, any objecting Class Member may appear, in person or by counsel, at the Final Approval Hearing held by the Court. By this provision, the Parties are not waiving and are expressly preserving their right to contest any appearance by an objector on any grounds, or from asserting all other potential defenses and privileges to any such appearance.

D.      The agreed-upon procedures and requirements for submitting objections in connection with the Final Approval Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement Agreement, in accordance with the due process rights of all Class Members. The Preliminary Approval Order and Class Notice will require all Class Members who have any objections to submit the objections to the Settlement Administrator at the address set forth in the Class Notice, by no later than the Objection Date.

E.      Class Counsel will defend the Court's Final Approval Order and any related orders in the event of an appeal.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

**11. <u>Release of Claims</u>**

A.     Upon the Effective Date, Plaintiff and Class Members who fail to timely make a Request for Exclusion from the Settlement, shall be deemed to have, and by operation of the Judgment shall have, completely, fully, finally, irrevocably, and forever released, relinquished, and discharged Defendant and Released Parties from all Released Claims. Further, upon the Effective Date, and to the fullest extent permitted by law, each Final Settlement Class Member, including Plaintiff, shall, either directly, indirectly, representatively, on their own behalf or on behalf of any other class or other person or entity, as a member of or on behalf of the general public or in any capacity be permanently barred and enjoined from commencing, prosecuting, or participating in any recovery in any action, regulatory action, arbitration, or court or other proceeding in this or any other forum (other than participation in the settlement as provided herein) in which any Released Claim is asserted.

B.     Plaintiff and Final Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code with respect to the Released Claims. Section 1542 of the California Civil Code provides: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

C.     Upon the Effective Date, Burton shall be deemed to have, and by operation of the Final Approval Order shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff, each and all of the Settlement Class Members, and Plaintiff's counsel of all claims based upon or arising out of the institution, prosecution, assertion, settlement, or resolution of the Action

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

or the Released Claims, except for enforcement of the Settlement Agreement and except as to Class Members who submit a timely and valid Request for Exclusion from the Settlement. This Settlement Agreement does not affect the rights of Class Members who submit a timely and valid Request for Exclusion from the Settlement.

        D.      Upon issuance of the Final Approval Order (1) the Settlement Agreement shall be the exclusive remedy for any and all Class Members, except those who have opted out in accordance with the provisions hereof; (2) Defendant and Released Parties shall not be subject to liability or expense of any kind to any Class Member(s) for reasons related to the Action except as set forth herein; and (3) Class Members shall be permanently barred from initiating, asserting or prosecuting any and all Released Claims against Defendant and Released Parties.

### 12. <u>Plaintiff's Counsel's Fees and Expenses and Service Award</u>

        A.      The Parties did not negotiate Class Representative's Service Awards or Class Counsel's attorneys' fees and expenses until after the Parties had agreed to the material terms of the Settlement Agreement. Defendant agrees not to object to Class Representative's Service Awards of up to $5,000, for a total of $10,000. Defendant also agrees not to challenge Class Counsel's motion for attorneys' fees up to $170,000, inclusive of expenses. Class Counsel will apply for Plaintiff's Counsel's Fees and Expenses and Service Awards to the Court within thirty (30) calendar days of the Class Notice Date.

        B.      The Court's consideration of an award of Plaintiff's Counsel's Fees and Expenses and Service Award shall be separate from its consideration of the Settlement Agreement, and the Court's approval of the Settlement shall not be contingent upon Plaintiff's Counsel's Fees and Expenses and Service Award at all or in any amount.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

C.     If the Court reduces or disapproves Class Counsel's request for Plaintiff's Counsel's Fees and Expenses and Service Award, that will not be grounds to terminate the Settlement. The Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award will not affect any benefits provided to Settlement Class Members or Plaintiff and will be paid separate and apart from any other sums agreed to under this Settlement Agreement.

D.     Defendant will pay, or cause to be paid, the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award within ten (10) calendar days of the Effective Date by check transmitted via overnight mail the attorney trust account of Class Counsel upon receipt of transmittal instructions and a W-9, or appropriate tax form, provided by Class Counsel. Class Counsel agrees to verbally confirm the transmittal instructions with Defendant's counsel after contacting Defendant's counsel at a phone number to be provided by Defendant's counsel, and further agrees that Defendant's submission of the payment using information provided by Class Counsel will fully satisfy Defendant's responsibility with regard to the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award. Defendant's obligations with respect to the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award shall be fully satisfied upon receipt of the funds by Class Counsel.

E.     Class Counsel will be responsible for any loss that may occur after receipt of the funds and for allocating the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award among Class Counsel or others. Defendant will have no responsibility or liability in connection with the allocation of the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award, or for any tax obligations or payments associated with the payment of Plaintiff's Counsel's Fees and Expenses and Service Award. Class Counsel will bear all liability, and Defendant will bear no liability (beyond the Court-approved Plaintiff's Counsel's Fees and

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

Expenses and Service Award itself), in connection with any claim for payment made by any attorney or service provider who claims to have rendered services to, for, or on behalf of Plaintiff, any Final Settlement Class Member, or Class Counsel in connection with the Action and this Settlement.

       F.     Except for the Court-approved Plaintiff's Counsel's Fees and Expenses, the Parties will be responsible for their respective fees, costs, and expenses incurred in connection with the Action. No interest will accrue with respect to the Court-approved Plaintiff's Counsel's Fees and Expenses and Service Award.

**13. <u>Disapproval, Cancellation or Termination</u>**

       A.     If the Court fails to issue the Preliminary Approval Order, fails to issue the Final Approval Order, or there is no Effective Date as defined in Section 2(N), the Settlement Agreement shall be cancelled and terminated subject to Section 13(B) unless Class Counsel and Burton's counsel mutually agree in writing to proceed with the Settlement Agreement.

       B.     In the event that the Settlement Agreement is not approved by the Court or the settlement set forth in the Settlement Agreement is terminated in accordance with its terms, (1) the Parties shall be restored to their respective positions in the Action and shall jointly request that all scheduled litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; and (2) the terms and provisions of the Settlement Agreement and statements made in connection with seeking approval of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc*.

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

C.    Notwithstanding any statement in this Settlement Agreement to the contrary, no order of the Court or modification or reversal on appeal of any order reducing the amount of attorneys' fees, costs, expenses, and/or service awards shall constitute grounds for cancellation or termination of the Settlement Agreement.

**14.    Miscellaneous Provisions**

A.    This Settlement Agreement is not to be used in evidence (except in connection with obtaining approval of this Settlement Agreement and enforcing its terms) and shall not at any time be construed or deemed to be any admission or concession by Burton with respect to any alleged wrongdoing, fault, or omission of any kind whatsoever, regardless of whether or not this Settlement Agreement results in entry of a Final Approval Order as contemplated herein. Burton specifically denies all the allegations made in connection with the Action. Neither this Settlement Agreement nor any class certification pursuant to it shall constitute, in this or in any other proceeding, an admission by Burton, or evidence or a finding of any kind, that any requirement for class certification is satisfied with respect to the Action, or any other litigation, except for the limited purpose of settlement pursuant to this Settlement Agreement. This Settlement Agreement is also made with the Parties' express understanding and agreement that if for any reason this Settlement is not approved by the Court, Burton may continue to contest and deny that any class, including the proposed Settlement Class, is suitable for certification as a class under the law of any jurisdiction.

B.    This Settlement Agreement is entered into only for purposes of Settlement. In the event that the Final Approval Order is not entered, or a Final Approval Order is subsequently reversed on appeal, the Parties agree to use their best efforts to cure any defect(s) identified by the Court. If, despite their best efforts, the Parties cannot cure said defects, this Settlement Agreement,

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

including any releases or dismissals hereunder, is canceled, and no term or condition of this Settlement Agreement, or any draft thereof, or of the discussion, negotiation, documentation or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose, or used for any purposes whatsoever in the Action, and all Parties shall be restored to their prior rights and positions as if the Settlement Agreement had not been entered into.

C.      The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and shall not be deemed to constitute part of this Settlement Agreement or to affect its construction.

D.      Capitalized words, terms and phrases are used as defined in Section 2, above.

E.      This Settlement Agreement may not be modified or amended except in writing and signed by all the Parties.

F.      This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute the same instrument.

G.      Except as otherwise provided in this Settlement Agreement, each Party shall bear his, her or its own costs of the Action.

H.      The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, as well as to correct any inadvertent, non-substantive mistakes or typographical errors contained in any of the Settlement papers.

I.      The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

release. The Final Approval Order will provide that the Court expressly retains jurisdiction to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of this Settlement Agreement, including, but not limited to, orders enjoining Final Settlement Class Members from prosecuting claims that are released pursuant to this Settlement Agreement as provided herein, and allowing for discovery related to objectors, if any.

J.      The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel. Because this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement.

K.      This Settlement Agreement constitutes the entire, fully integrated agreement among the Parties and cancels and supersedes all prior written and unwritten agreements and understandings pertaining to the Settlement of the Action.

L.      The Parties agree that any unresolved disputes regarding the meaning of the terms and conditions of this Settlement Agreement, the Parties' rights and obligations under this Settlement Agreement, and/or as to any disagreement regarding the manner in which any issue or dispute arising under this Settlement Agreement should be resolved, shall be submitted to the Court for resolution.

M.      All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of the Court, the day of the act, or default, from which the

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period shall run until the end of the next day that is not one of the aforementioned days. Each of the Parties reserves the right, subject to the Court's approval, to seek any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement, and to modify or supplement any notice contemplated hereunder.

N.      Any failure by any of the Parties to insist upon the strict performance by any of the other Parties of any of the provisions of this Settlement Agreement shall not be deemed a waiver of any provision of this Settlement Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions herein.

O.      All notices to the Parties or counsel required by this Settlement Agreement shall be made in writing and communicated by electronic and regular mail to the following addresses (unless one of the Parties subsequently designates one or more other designees):

For Class Counsel:

Lynn A. Toops
Cohen & Malad LLP
One Indiana Square
Indianapolis, IN 46204
ltoops@cohenandmalad.com
Telephone: (317) 636-6481

For Burton:

Edward J. McAndrew
Baker & Hostetler LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103-7501
emcandrew@bakerlaw.com
Telephone: (215) 568-3100

**IN WITNESS HEREOF** the undersigned, being duly authorized, have caused this Settlement Agreement to be executed on the dates shown below.

**AGREED TO AND ACCEPTED:**

_____        __12 / 05 / 2024_____
David Morgan

30

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

The Burton Corporation

_____
Date

_____
Date

**Approved as to form**:

_Lynn A. Toops_

Lynn A. Toops

12/5/2024 | 2:14 PM PST
_____
Date

J. Gerard Stranch, IV

12/5/2024 | 5:33 PM CST
_____
Date

*Attorneys for Plaintiff and the Settlement Class*

_____

Edward J. McAndrew

_____
Date

*Attorney for The Burton Corporation*

Doc ID: 01b38f1e05858bf76bf9d682e193dffc001f0f39

Docusign Envelope ID: 1151738B-264B-4A12-A196-A559F78442BE

The Burton Corporation

_____        _____ 12/10/24
Date                                 Date

**Approved as to form:**

_Lynn A. Toops_
Lynn A. Toops                        Edward J. McAndrew

12/5/2024 | 2:14 PM PST
_____        _____
Date                                 Date

J. Gerard Stranch, IV                *Attorney for The Burton Corporation*

12/5/2024 | 5:33 PM CST
_____
Date

*Attorneys for Plaintiff and the Settlement
Class*

31

Doc ID: 01b38f1e05858bf76bf9d682e193dffc001f0f39