U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JAN 14 PM 1:53

CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MORGAN, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 2:23-CV-00366-GWC |
| THE BURTON CORPORATION d/b/a BURTON SNOW BOARDS, | )<br>)<br>)<br>) |
| Defendant. | ) |

## PRELIMINARY APPROVAL ORDER

Plaintiff David Morgan and Defendant The Burton Corporation, by their respective counsel, have submitted a Class Action Settlement Agreement and Release (the "Settlement") to this Court, and Plaintiff has moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiff as the Class Representative and his counsel as Class Counsel; (2) preliminarily approving the Settlement; (3) approving the Notice Plan; (4) appointing Kroll Settlement Administration LLC as Settlement Administrator and directing it to commence the Notice Plan; and (5) scheduling a final approval hearing to consider final approval of the settlement and any application for attorneys' fees, expenses, and Class Representative service award. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED.**

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2. Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3. On July 19, 2023, Plaintiff filed this class action in Vermont Superior Court, and Defendant removed the case to this Court. ECF No. 6. The complaint alleges that on or about March 27, 2023, Plaintiff received notice from Defendant that it was the target of a cyberattack (the "Incident"), which may have resulted in the compromise of Plaintiff's personally identifiable information ("PII"). The complaint asserts claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, invasion of privacy, and violations of various state statutes. *Id.*

4. Defendant filed a motion to dismiss the complaint, which the parties fully briefed. ECF Nos. 10, 11, 15. The parties then availed themselves of the Court's Early Neutral Evaluator program by selecting experienced mediator Bennett G. Picker to mediate. ECF No. 22. After exchanging sufficient information to evaluate the case, the parties engaged in a mediation on April 18, 2024, during which they reached agreement on the material terms of a settlement, other than payments of attorneys' fees and service awards. ECF No. 26. Subsequently, the parties worked out an agreement on fees and service awards and executed the final Settlement.

5. Under the terms of the Settlement, Class Members can claim the following benefits:

- Reimbursement of up to $500 for Ordinary Losses, such as costs of credit monitoring, for each Class Members;

- Reimbursement of up to $5,000 for Extraordinary Losses, such as fraud attributable to the data incident;

- Reimbursement of Lost Time spent dealing with the data incident at $21.25/hr up to 4 hours total;
- An Alternative Cash Payment of $65, without the need to show any proof of actual loss or harm;
- Two years of three-bureau credit monitoring with at least $1 million in identity theft insurance.

6. In addition to these benefits, Defendant has agreed to pay attorneys' fees of up to $170,000 and a service award of $5,000 for the Class Representative, both subject to Court approval. And Defendant will pay the costs of notice and settlement administration.

7. The Settlement also provides for emailed and mailed Notice to the Settlement Class, along with long-form notice posted to the Settlement Website, and the proposed Notices are included as exhibits to the Settlement.

## PRELIMINARY APPROVAL

8. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. In general, the approval process involves three stages: (1) notice of the settlement to the class after "preliminary approval" by the Court; (2) an opportunity for class members to opt out of, or object to, the proposed settlement; and (3) a subsequent hearing at which the Court grants "final approval" upon finding that the settlement is "fair, reasonable, and adequate," after which judgment is entered, class members receive the benefits of the settlement, and the defendant obtains a release from liability. Fed. R. Civ. P. 23(e)(1)–(2), (4)–(5).

9. In deciding whether to grant "preliminary approval" to a proposed settlement, the Court evaluates two issues: (1) whether "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give

notice to the proposed class members; and (2) whether "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. Fed. R. Civ. P. 23(e)(1)(B).

### I. The Court will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate."

10. This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, No. 16-CV-3492 (AJN), 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, No. 15 CIV. 3706 (RLE), 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

11. Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;

    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

    (iv) any agreement required to be identified under Rule 23(e)(3); and

  (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

  12. Under this standard, the Court finds that it will "likely be able to" grant final approval to the Settlement as "fair, reasonable, and adequate," such that the Settlement warrants preliminary approval and dissemination of notice to the Settlement Class so that Settlement Class Members may express any objections to the Settlement or decide whether to opt-out of the Settlement or participate in it. The Settlement appears at this preliminary approval stage to be procedurally fair, reasonable, and adequate in that the Class Representative and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement appears at this preliminary approval stage to be substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). There are several available levels and types of relief provided by the Settlement to take into account different potential harms and levels of proof. *Id.* Attorneys' fees will be paid only after final approval and only by approval of the Court, which will consider any request for fees in conjunction with final approval. *Id.* The parties have represented that there are no agreements to be identified under

Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one another because Class Members can choose among different types of relief, with the Alternative Cash Payment not requiring proof of loss at all. Fed. R. Civ. P. 23(e)(2)(D).

## II. The Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement.

13. In considering whether the Court will "likely be able to" certify the Settlement Class for purposes of entering judgment on the Settlement, the Court must determine whether the Settlement Class likely meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and any one of the subsections of Federal Rule of Civil Procedure 23(b), here subsection 23(b)(3) (predominance and superiority).

14. The Court finds, for settlement purposes only, that it will likely be able to certify the proposed Settlement Class, defined as:

> All persons whose personally identifiable information was potentially accessed in the data security incident alleged in the Complaint, ECF No. 1-2.[1]

15. Specifically, the Court finds for settlement purposes that the Settlement Class likely satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1) <u>Numerosity</u>: There are thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of*

---

[1] Excluded from the Settlement Class are: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads *nolo contendere* to any such charge.

*Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2) <u>Commonality</u>: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's data security practices met appropriate standards. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

(a)(3) <u>Typicality</u>: The Class Representative's claims are typical of the claims of the Settlement Class. The Class Representative's claim is that they were damaged as a result of a data breach that was allegedly caused by Defendant's failure to adequately guard private information. These are the same claims as the claims of the Settlement Class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

(a)(4) <u>Adequacy</u>: The Class Representative will fairly and adequately protect the interests of the Settlement Class because he shares the same claims as the Settlement Class, has no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and "class counsel is qualified, experienced, and generally able to conduct the litigation").

(b)(3) <u>Predominance</u>: Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, specifically the

predominate question of Defendant's duty with respect to safeguarding Class Member information and whether Defendant breached that duty. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is satisfied where "issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof").

(b)(3) <u>Superiority</u>:   A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly because the individual claims are numerous and small-value and therefore the class action device provides a superior method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions").

16.    Additionally, the Court finds that the Settlement Class is ascertainable because it is defined by reference to objective criteria, *In re Petrobras Securities Litigation*, 862 F.3d 250, 257 (2d Cir. 2017), and the Court finds that it will likely be able to appoint Plaintiff's Counsel as Class Counsel under Federal Rule of Civil Procedure 23(g).

17.    Having found that (1) "the court will likely be able to" grant final approval to the settlement as a "fair, reasonable, and adequate" compromise, so that it makes sense to give notice to the proposed class members; and (2) "the court will likely be able to" certify the class for purposes of entering judgment on the settlement. The Court hereby **GRANTS** preliminary approval to the Settlement.

## NOTICE TO THE SETTLEMENT CLASS

18. Upon granting preliminary approval under Federal Rule of Civil Procedure 23(e)(1), the Court "must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

19. The notice must clearly and concisely state in plain, easily understood language:

(i) the nature of the action;

(ii) the definition of the class certified;

(iii) the class claims, issues, or defenses;

(iv) that a class member may enter an appearance through an attorney if the member so desires;

(v) that the court will exclude from the class any member who requests exclusion;

(vi) the time and manner for requesting exclusion; and

(vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

20. "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings." *Visa*, 396 F.3d at 114 (quotation omitted).

21. The Court finds that the Notice Plan, including the forms of Notice attached to the Settlement and the plan for distribution of the Notice by email and mail, satisfy these requirements and Due Process and constitute "the best notice that is practicable under the

circumstances." The Court appoints Kroll Settlement Administration LLC as Settlement Administrator and directs that the Notice Plan be implemented as set forth in the Settlement.

22. Within ten calendar days of Preliminary Approval, Defendant will provide the Settlement Administrator with information needed to give notice to the Class.

23. Within thirty calendar days of Preliminary Approval, the Settlement Administrator shall send the Class Notices in the forms attached to the Settlement to the Class Members.

**PROCEDURES FOR OPTING OUT OF OR OBJECTING TO THE SETTLEMENT**

24. A member of the Settlement Class may opt-out of the Settlement Class at any time prior to the Request for Exclusion Deadline, provided the opt-out notice that must be sent to the Settlement Administrator is postmarked no later than the Request for Exclusion Deadline. Any Settlement Class Member who does not timely and validly request to opt out shall be bound by the terms of the Settlement.

25. Except for Class Members who opt out of the Settlement Class in compliance with the foregoing, all Class Members will be deemed to be Settlement Class Members for all purposes, the Final Approval Order, and the releases set forth in the Settlement.

26. Objections to the Settlement, to the application for attorneys' fees and costs, and/or to the Service Award must be mailed to the Settlement Administrator before the Objection Date. To state a valid objection to the Settlement, an objecting Class Member must mail a letter to the Settlement Administrator setting forth all the following information in writing: (1) the objector's full name, current address, current telephone number, and be personally signed; (2) the case name and case number, *Morgan v. The Burton Corporation d/b/a Burton Snowboards,* Case No. 2:23-cv-00366-GWC (United States District Court for the District of Vermont); (3) documentation sufficient to establish membership in the Class, such as a copy of the Postcard

Notice the objector received; (4) a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position; (5) copies of any other documents that the objector wishes to submit in support of the objector's position; (6) whether the objecting Class Member intends to appear at the Final Approval Hearing; and (7) whether the objecting Class Member is represented by counsel and, if so, the name, address, and telephone number of the objector's counsel.

27. Except for Settlement Class Members who have timely asserted an objection to the Settlement, all Settlement Class Members shall be deemed to have waived all objections and opposition to its fairness, reasonableness, and adequacy.

## MOTIONS FOR FINAL APPROVAL, FEES, EXPENSES, AND SERVICE AWARD

28. Plaintiff shall file their Motion for Final Approval of the Settlement, inclusive of Class Counsel's application for attorneys' fees and costs, for a Service Award for the Class Representatives, and for all Settlement Administration Costs, no later than 30 days after the Class Notice Date. At the Final Approval Hearing, the Court will hear argument on Plaintiff's Motion for Final Approval of the Settlement and on Class Counsel's application for attorneys' fees and expenses, for the Service Award for the Class Representative.

## FINAL APPROVAL HEARING

29. The Court will hold a Final Approval Hearing on Friday, May 16, 2025, at 10:00 a.m. by videoconference or teleconference if determined by separate order, to assist the Court in determining whether to grant Final Approval to the Settlement, enter the Final Approval Order and Judgment, and grant any motions for fees, expenses, and service awards.

**SO ORDERED** this 8th day of January, 2025.

/s/ Geoffrey W. Crawford
District Judge