## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MORGAN, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BURTON CORPORATION d/b/a BURTON SNOWBOARDS,<br><br>Defendant. | Civil Action No.: 2:23-CV-00366-GWC<br><br>CLASS ACTION<br><br>**DECLARATION OF FRANK BALLARD OF KROLL SETTLEMENT ADMINISTRATION LLC IN CONNECTION WITH FINAL APPROVAL OF SETTLEMENT**<br><br>Date: Friday, May 16, 2025<br>Time: 10:00 am<br><br>The Hon. Geoffrey W. Crawford |

I, Frank Ballard, declare as follows:

### INTRODUCTION

1.     I am a Director of Kroll Settlement Administration LLC ("Kroll"),[1] the Settlement Administrator appointed in the above-captioned case, whose principal office is located at One World Trade Center, 285 Fulton Street, 31st Floor, New York, New York 10007. I am over 21 years of age and am authorized to make this declaration on behalf of Kroll and myself.  The following statements are based on my personal knowledge and information provided by other experienced Kroll employees working under my general supervision. This declaration is being filed in connection with final approval of the Settlement.

2.     Kroll has extensive experience in class action matters, having provided services in class action settlements involving antitrust, privacy, securities fraud, labor and employment, consumer, and

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Agreement (as defined below).

government enforcement matters. Kroll has provided notification and/or claims administration services in more than 3,000 cases.

## BACKGROUND

3.      Kroll was appointed as the Settlement Administrator to provide notification and Claims administration services in connection with the Class Action Settlement Agreement and Release (the "Settlement Agreement") entered into in this Action. Kroll's duties in connection with the Settlement have and will include: (a) preparing and sending notices in connection with the Class Action Fairness Act; (b) receiving and analyzing the Class Member contact list (the "Class List") from Defendant; (c) creating a Settlement Website with online Claim filing capabilities; (d) establishing a toll-free telephone number; (e) establishing a post office box for the receipt of mail; (f) preparing and sending the Class Notice via first-class mail; (g) receiving and processing mail from the United States Postal Service ("USPS") with forwarding addresses; (h) receiving and processing undeliverable mail, without a forwarding address, from the USPS; (i) receiving and processing Claim Forms; (j) receiving and processing Requests for Exclusion and objections; and (k) such other tasks as counsel for the Parties or the Court request Kroll to perform.

## NOTICE PROGRAM

### The CAFA Mailing

4.      As noted above, on behalf of the Defendant, Kroll provided notice of the proposed Settlement pursuant to the Class Action Fairness Act, 28 U.S.C. §1715(b) ("the CAFA Notice").  At Defendant's Counsel's direction, on December 19, 2024, Kroll sent the CAFA Notice identifying the documents required, a true and correct copy of which is attached hereto as **Exhibit A**, via first-class certified mail, to (a) the Attorney General of the United States, (b) the fifty-five (55) state and territorial Attorneys General identified in the service list for the CAFA Notice, attached hereto as **Exhibit B**, and (c) via email to the Nevada Attorney General. The CAFA Notice directed the Attorneys General to the website www.CAFANotice.com, a site that contains all the documents relating to the Settlement referenced in the CAFA Notice.

**Data and Case Setup**

5.    On January 2, 2025, Kroll designated a post office box with the mailing address *Burton Incident Action,* c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391, in order to receive Requests for Exclusion, Claim Forms, objections, and correspondence from Class Members.

6.    On January 16, 2025, Kroll established a toll-free telephone number, (833) 876-1397, for Class Members to call and obtain additional information regarding the Settlement through an Interactive Voice Response ("IVR") system and/or through speaking with a live operator. As of March 17, 2025, the IVR system has received seven (7) calls, and one (1) caller has been connected to a live operator.

7.    On January 27, 2025, Kroll received five (5) data files from the Defendant. A total of 10,560 records existed across the five (5) files, containing name and mailing address information. Kroll undertook several steps to review the Class List for the mailing of Class Notices. Kroll combined the five (5) files into one list and standardized the mailing addresses, including the removal of 843 duplicate records, resulting in a final Class List of 9,717 unique individuals. Additionally, in an effort to ensure that Class Notices would be deliverable to Class Members, Kroll ran the Class List through the USPS's National Change of Address ("NCOA") database and updated the Class List with address changes received from the NCOA.

8.    On January 27, 2025, Kroll created a dedicated Settlement Website entitled www.BurtonDataIncident.com. The Settlement Website "went live" on February 13, 2025, and contains a summary of the Settlement, important dates and deadlines, contact information for the Settlement Administrator, answers to frequently asked questions, downloadable copies of relevant documents, including the Complaint, Settlement Agreement, Preliminary Approval Order, Class Notice, Long Form Notice, and Claim Form, and allowed Class Members an opportunity to file a Claim Form online.

**The Notice Program**

9.    On February 13, 2025, Kroll caused the mailing of 9,717 Class Notices via first-class mail. A true and correct copy of the mailed Class Notice, along with the Long Form Notice and Claim Form, are attached hereto as **Exhibits C, D,** and **E,** respectively.

## NOTICE PROGRAM REACH

10.     As of March 17, 2025, forty-four (44) Class Notices were returned by the USPS with a forwarding address, all of which were automatically re-mailed to the updated addresses provided by the USPS.

11.     As of March 17, 2025, 1,259 Class Notices were returned by the USPS as undeliverable as addressed, without a forwarding address. Kroll ran 1,259 undeliverable records through an advanced address search.[2] The advanced address search produced 959 updated addresses. Kroll will re-mail Class Notices to the 959 updated addresses obtained from the advanced address search on March 24, 2025.

12.     Based on the foregoing, and once the above-referenced Class Notice have been re-mailed, Kroll will have reason to believe that Class Notices will likely have reached 9,417 of the 9,717 persons to whom Class Notice was mailed, which equates to a reach rate of the direct mail notice of approximately 96.91%.  This reach rate is consistent with other court-approved, best-practicable notice programs and Federal Judicial Center Guidelines, which state that a notice plan that reaches[3] over 70% of targeted class members is considered a high percentage and the "norm" of a notice campaign.[4] The table below provides an overview of dissemination results for the direct notice program.

---

[2] Kroll will continue to trace and re-mail Class Notices up to the Final Approval Hearing.

[3] FED. JUD. CTR., *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide* (2010), *available at* https://www.fjc.gov/sites/default/files/2012/NotCheck.pdf. The guide suggests that the minimum threshold for adequate notice is 70%.

[4] Barbara Rothstein and Thomas Willging, Federal Judicial Center Managing Class Action Litigation:  A Pocket Guide for Judges, at 27 (3d ed. 2010).

| Direct Notice Program Dissemination & Reach | | |
|---|---|---|
| **Description** | **Number of Class Members** | **Percentage of Class Members** |
| Class Members | 9,717 | 100.00% |
| **Initial Class Notice Mailing** | | |
| (+) Class Notices Mailed (Initial Campaign) | 9,717 | 100.00% |
| (-) Total Class Notices returned as undeliverable | (1,259) | 12.96% |
| **Supplemental Class Notice Mailing** | | |
| (+) Total Unique Class Notices to be Re-mailed | 959 | 9.87% |
| **Direct Notice Program Reach** | | |
| (=) Likely Received Direct Notice | 9,417 | 96.91% |

## CLAIM ACTIVITY

13.     The Claims Deadline is May 14, 2025.

14.     As of March 17, 2025, Kroll has received eight (8) Claim Forms through the mail and 216 Claim Forms filed electronically through the Settlement Website. Kroll is still in the process of reviewing and validating Claim Forms.

15.     To prevent Claim Forms from being filed by individuals outside the Settlement Class and to curtail fraud, Class Members were provided a unique "Class Member ID" on their respective notices as part of the Claims process. The Class Member ID is required for Class Members to file a Claim Form online.

## EXCLUSIONS AND OBJECTIONS

16.     The Request for Exclusion Deadline and the last day to object to the Settlement is April 14, 2025.

17.     As of March 17, 2025, Kroll has received no Requests for Exclusion or objections to the Settlement.

## <u>CERTIFICATION</u>

I declare under penalty of perjury under the laws of the United States that the above is true and correct to the best of my knowledge and that this declaration was executed on March 17, 2025, in Washington, DC.

FRANK BALLARD

# Exhibit A



VIA U.S. MAIL

Date:    December 19, 2024

To:      All "Appropriate" Federal and State Officials Per 28 U.S.C. § 1715
         (*see attached service list*)

   Re:    CAFA Notice for the proposed Settlement in *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Civil Action No. 2:23-CV-00366-GWC, pending in the United States District Court for the District of Vermont.


Pursuant to Section 3 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, Defendant The Burton Corporation ("Defendant" or "Burton") hereby notifies you of the proposed settlement of the above-captioned action (the "Action"), currently pending in the United States District Court for the District of Vermont (the "Court").

Eight items must be provided to you in connection with any proposed class action settlement pursuant to 28 U.S.C. § 1715(b). Each of these items is addressed below, and all exhibits are available for download at www.CAFANotice.com under the folder entitled *Morgan v. The Burton Corporation d/b/a Burton Snowboards*:

   1.    28 U.S.C. § 1715(b)(l) – a copy of the complaint and any materials filed with the complaint and any amended complaints.

         The Class Action Complaint is available as **Exhibit A**.

   2.    28 U.S.C. § 1715(b)(2) – notice of any scheduled judicial hearing in the class action.

         On December 9, 2024, Plaintiff filed a motion for preliminary approval of the class action Settlement, and the date of the preliminary approval hearing has not yet been set. The Court has not yet scheduled the Final Approval Hearing for this matter. The proposed Preliminary Approval Order is available as **Exhibit B**.

   3.    28 U.S.C. § 1715(b)(3) – any proposed or final notification to class members.

         Copies of the proposed Class Notice and Long Form Notice will be provided to Class Members and will be available on the Settlement Website created for the administration of this matter. These are available as **Exhibit C** and **D,** respectively. The Class Notices describe, among other things, the Claim submission process and the Class Members' rights to object or exclude themselves from the Class.

4.     28 U.S.C. § 1715(b)(4) – any proposed or final class action settlement.

The Class Action Settlement Agreement and Release (the "Settlement Agreement") is available as **Exhibit E**.

5.     28 U.S.C. § 1715(b)(5) – any settlement or other agreement contemporaneously made between class counsel and counsel for defendants.

There are no other settlements or other agreements between Class Counsel and Defendant's Counsel beyond what is set forth in the Settlement Agreement.

6.     28 U.S.C. § 1715(b)(6) – any final judgment or notice of dismissal.

The Court has not yet entered a final judgment or notice of dismissal. Accordingly, no such document is presently available.

7.     28 U.S.C. § 1715(b)(7) – (A) If feasible, the names of class members who reside in each State and the estimated proportionate share of the claims of such members to the entire settlement to that State's appropriate State official; or (B) if the provision of the information under subparagraph (A) is not feasible, a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement.

The definition of the Class in the proposed Settlement Agreement means mean all persons whose personally identifiable information was potentially accessed in the Incident alleged in the Complaint. Excluded from the Settlement Class are: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads *nolo contendere* to any such charge.

The complete list and counts by state of Class Members is not known.

8.     28 U.S.C. § 1715(b)(8) – any written judicial opinion relating to the materials described in 28 U.S.C. § 1715(b) subparagraphs (3) through (6).

There has been no written judicial opinion. Accordingly, no such document is presently available.

If you have any questions about this notice, the Action, or the materials available for download at www.CAFANotice.com under the folder entitled *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, please contact the undersigned below.

Respectfully submitted,

Amanda Stallings
Senior Manager
Amanda.Stallings@kroll.com

# Exhibit B

## CAFA NOTICE SERVICE LIST

**U.S. Attorney General**
Merrick B. Garland
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530

**Alabama Attorney General**
Steve Marshall
501 Washington Ave.
P.O. Box 300152
Montgomery, AL 36130

**Alaska Attorney General**
Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501

**American Samoa Attorney General**
Fainu'ulelei Falefatu Ala'ilima-Utu
Executive Office Building, Utulei
3rd FL, PO Box 7
Utulei, AS 96799

**Arizona Attorney General**
Kris Mayes
2005 N Central Ave
Phoenix, AZ 85004

**Arkansas Attorney General**
Tim Griffin
323 Center St., Suite 200
Little Rock, AR 72201

**California Attorney General**
Rob Bonta
1300 I St., Ste. 1740
Sacramento, CA 95814

**Colorado Attorney General**
Phil Weiser
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 10th Floor
Denver, CO 80203

**Connecticut Attorney General**
William Tong
165 Capitol Avenue
Hartford, CT 06106

**Delaware Attorney General**
Kathy Jennings
Carvel State Office Building
820 N. French St.
Wilmington, DE 19801

**District of Columbia Attorney General**
Brian Schwalb
400 6th Street NW
Washington, D.C. 20001

**Florida Attorney General**
Ashley Moody
Office of the Attorney General
The Capitol, PL-01
Tallahassee, FL 32399

**Georgia Attorney General**
Chris Carr
40 Capitol Square, SW
Atlanta, GA 30334

**Guam Attorney General**
Douglas Moylan
Office of the Attorney General ITC Building
590 S. Marine Corps Dr, Ste 706
Tamuning, Guam 96913

**Hawaii Attorney General**
Anne E. Lopez
425 Queen St.
Honolulu, HI 96813

**Idaho Attorney General**
Raúl Labrador
700 W. Jefferson Street, Suite 210
P.O. Box 83720
Boise, ID 83720

**Illinois Attorney General**
Kwame Raoul
James R. Thompson Ctr.
100 W. Randolph St.
Chicago, IL 60601

**Indiana Attorney General**
Todd Rokita
Indiana Government Center South
302 West Washington St., 5th Fl.
Indianapolis, IN 46204

**Iowa Attorney General**
Brenna Bird
Hoover State Office Building
1305 E. Walnut
Des Moines, IA 50319

**Kansas Attorney General**
Kris Kobach
120 S.W. 10th Ave., 2nd Fl.
Topeka, KS 66612

**Kentucky Attorney General**
Russell Coleman
700 Capital Avenue
Capitol Building, Suite 118
Frankfort, KY 40601

**Louisiana Attorney General**
Liz Murrill
1885 North Third St
Baton Rouge, LA 70802

**Maine Attorney General**
Aaron Frey
State House Station 6
Augusta, ME 04333

**Maryland Attorney General**
Anthony G. Brown
200 St. Paul Place
Baltimore, MD 21202

**Massachusetts Attorney General**
Andrea Campbell
1 Ashburton Place, 20th Floor
Boston, MA 02108

**Michigan Attorney General**
Dana Nessel
P.O. Box 30212
525 W. Ottawa St.
Lansing, MI 48909

**Minnesota Attorney General**
Keith Ellison
445 Minnesota St, Suite 600

St. Paul, MN 55101

**Mississippi Attorney General**
Lynn Fitch
Department of Justice, P.O. Box 220
Jackson, MS 39205

**Missouri Attorney General**
Andrew Bailey
Supreme Ct. Bldg., 207 W. High St.
P.O. Box 899
Jefferson City, MO 65101

**Montana Attorney General**
Austin Knudsen
Office of the Attorney General, Justice Bldg.
215 N. Sanders St., Third Floor
P.O. Box 201401
Helena, MT 59620

**Nebraska Attorney General**
Mike Hilgers
2115 State Capitol
P.O. Box 98920
Lincoln, NE 68509

**Nevada Attorney General**
Aaron D. Ford
Old Supreme Ct. Bldg.
100 N. Carson St.
Carson City, NV 89701
* NVAGCAFAnotices@ag.nv.gov

**New Hampshire Attorney General**
John Formella
33 Capitol Street
Concord, NH 03301

\* Preferred

**New Jersey Attorney General**
Matthew J. Platkin
Richard J. Hughes Justice Complex
25 Market Street, 8th Floor
P.O. Box 080
Trenton, NJ 08625

**New Mexico Attorney General**
Raul Torrez
P.O. Drawer 1508 Santa Fe,
NM 87504-1508

**New York Attorney General**
Letitia A. James
Department of Law
The Capitol, 2nd Floor
Albany, NY 12224

**North Carolina Attorney General**
Josh Stein
Dept. of Justice, P.O.Box 629
Raleigh, NC 27602-0629

**North Dakota Attorney General**
Drew Wrigley
State Capitol
600 E. Boulevard Ave.
Bismarck, ND 58505

**Northern Mariana Islands Attorney
General**
Edward E. Manibusan
Administration Building
P.O. Box 10007
Saipan, MP 96950

**Ohio Attorney General**
Dave Yost
State Office Tower
30 E. Broad St., 14th Floor
Columbus, OH 43215

**Oklahoma Attorney General**
Gentner Drummond
313 NE 21st Street
Oklahoma City, OK 73105

**Oregon Attorney General**
Ellen F. Rosenblum
Oregon Department of Justice
1162 Court St., NE
Salem, OR 97301

**Pennsylvania Attorney General**
Michelle A. Henry
Pennsylvania Office of Attorney General
16th Floor, Strawberry Square
Harrisburg, PA 17120

**Puerto Rico Attorney General**
Domingo Emanuelli Hernandez
P.O. Box 9020192
San Juan, PR 00902

**Rhode Island Attorney General**
Peter F. Neronha
150 S. Main St.
Providence, RI 02903

**South Carolina Attorney General**
Alan Wilson
Rembert C. Dennis Office Bldg.
P.O. Box 11549
Columbia, SC 29211

**South Dakota Attorney General**
Marty Jackley
1302 East Highway 14, Suite 1
Pierre, SD 57501

**Tennessee Attorney General**
Jonathan Skrmetti
425 5th Avenue North
PO Box 20207
Nashville, TN 37202

**Texas Attorney General**
Ken Paxton
Capitol Station
P.O. Box 12548
Austin, TX 78711

**U.S. Virgin Islands Attorney General**
Gordon C. Rhea
3438 Kronprindsens Gade
GERS Building, 2nd Floor
St. Thomas, Virgin Islands 00802

**Utah Attorney General**
Sean Reyes
State Capitol, Rm. 236
Salt Lake City, UT 84114-0810

**Vermont Attorney General**
Charity R. Clark
109 State St.
Montpelier, VT 05609

**Virginia Attorney General**
Jason Miyares
202 North Ninth Street
Richmond, VA 23219

**Washington Attorney General**
Bob Ferguson
1125 Washington St. SE
P.O. Box 40100
Olympia, WA 98504

**West Virginia Attorney General**
Patrick Morrisey
State Capitol Complex, Bldg. 1, Rm. E-26
1900 Kanawha Blvd. E
Charleston, WV 25305

**Wisconsin Attorney General**
Josh Kaul
Wisconsin Department of Justice State
Capitol, Room 114 East
P.O. Box 7857
Madison, WI 53707

**Wyoming Attorney General**
Bridget Hill
State Capitol Bldg.

200 W. 24th Street
109 State Capitol
Cheyenne, WY 82002

Exhibit C

FIRST-CLASS MAIL
U.S. POSTAGE PAID
CITY, ST
PERMIT NO. XXXX

*Burton Incident Action*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

ELECTRONIC SERVICE REQUESTED



VISIT THE SETTLEMENT WEBSITE BY
SCANNING THE QR CODE ABOVE



A proposed Settlement has been
reached in a class action lawsuit
known as *Morgan v. The Burton
Corporation d/b/a Burton Snowboard*,
Case No. 2:23-cv-00366-GWC, filed
in the United States District Court
for the District of Vermont.

<<Refnum Barcode>>

Class Member ID: <<Refnum>>

**Postal Service: Please do not mark barcode**

<<FirstName>> <<LastName>>
<<Address1>>
<<Address2>>
<<City>>, <<State>> <<Zip>>-<<Zip4>>
<<Country>>

**What is this Action about?** This Action is known as *Morgan v. The Burton Corporation d/b/a Burton Snowboard*, Case No. 2:23-cv-00366-GWC, filed in the United States District Court for the District of Vermont. The Person who sued is called the "Plaintiff" or "Class Representative" and the company he sued, The Burton Corporation ("Burton"), is known as the Defendant in this case. The Action alleges that on or about March 27, 2023, he received notice from Defendant that it was the target of a cyberattack Incident, which may have resulted in the compromise of Plaintiff's personally identifiable information, or PII. Burton denies any wrongdoing whatsoever.

**Who is a Class Member?** You are a Class Member if you are a person whose PII was potentially accessed in the Incident. Excluded from the Class: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads nolo contendere to any such charge.

**What are the Class Member benefits?** The Settlement provides the following reimbursement to Class Members who submit valid and timely Claim Forms, with reasonable documentation (except for Claims for Lost Time): (a) reimbursement for ordinary losses of up to $500; (b) reimbursement for Extraordinary Losses, with reasonable documentation, that includes, credit card statements, bank statements, invoices, telephone records, and receipts, for up to $5,000; (c) reimbursement for Lost Time at $21.25 per hour for up to four (4) hours, only if at least one (1) full hour was spent remedying issues related to the Incident; OR (d) an Alternative Cash Payment, instead of selecting a reimbursement, and (e) credit monitoring and identify theft protection.

**How to make a Claim?** You must file a Claim Form by mail postmarked by **May 14, 2025**, and mailed to the Settlement Administrator's address below, or online at: **www.BurtonDataIncident.com** by **May 14, 2025**, to receive compensation from the Settlement.

**What are my other rights?**

• **Do nothing:** If you do nothing, you will not receive a compensation but will remain a member of the Settlement class. You give up your rights to sue Burton or any other Released Parties related to the Incident. If you enrolled in the free credit monitoring service offered in the original data breach notification letter, then you will continue to receive that free service past its terms.

• **Exclude yourself:** You can get out of the Settlement and keep your right to sue Burton related to the Incident, but you will not receive any compensation from the Settlement. You must submit a valid and timely Request for Exclusion to the Settlement Administrator by **April 14, 2025**.

• **Object:** You can stay in the Settlement but tell the Court why you think the Settlement or parts of it should not be approved. Your written objection must be submitted by **April 14, 2025**. You may also request to appear at the Final Approval Hearing. Detailed instructions on how to file a Claim Form, exclude yourself, object, or appear at the hearing can be found on the Long Form Notice found on the Settlement Website available at **www.BurtonDataIncident.com**. The Court will hold the Final Approval Hearing on **May 16, 2025**, at 10:00 a.m. ET, to consider whether the proposed Settlement is fair, reasonable, and adequate, to consider Class Counsel's application for Plaintiffs' Counsel's Fees and Expenses of the $170,000, paid by the Defendant inclusive of reasonable costs, plus Service Award of $5,000 to the Class Representative, and to consider whether and if it should be approved. You may attend the hearing, but you don't have to.

• **More information:** This is only a summary. For more information, including a copy of the Settlement Agreement, Long Form Notice, Claim Form, Preliminary Approval Order, the Complaint and other documents, or to change or update your contact information, visit the Settlement Website at: **www.BurtonDataIncident.com**, or call **(833) 876-1397**. You may also contact the Settlement Administrator at: **Burton Incident Action, c/o Kroll Settlement Administration LLC, P.O. Box 225391, New York, NY 10150-5391.**

# Exhibit D

**CLASS NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**United States District Court, District of Vermont**

***Morgan v. The Burton Corporation d/b/a Burton Snowboards***
**Case No. 2:23-CV-00366-GWC**

<u>**A Court has authorized this Long Form Notice ("Notice"). This is not a solicitation from a lawyer.**</u>

---

**If You Previously Received a Notice From Burton Stating Your Personal Information May Have Been Targeted In A Cyberattack You Are Eligible to Receive Compensation from a Class Action Settlement**

---

- If you are receiving this Notice, you are eligible to receive a payment from a proposed class action Settlement. The Action is titled *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Case No. 2:23-cv-00366-GWC and is pending in the United States District Court for the District of Vermont. The person that filed the class action lawsuit is called Plaintiff or Class Representative and the company he sued is The Burton Corporation ("Defendant" or "Burton").

- The Action alleges that on or about March 27, 2023, Plaintiff received notice from Defendant that it was the target of a cyberattack Incident, which may have resulted in the compromise of Plaintiff's personally identifiable information, of PII.

- Burton denies any wrongdoing whatsoever and denies that it has any liability but has agreed to settle the lawsuit on a class-wide basis.

- Class Members under the Settlement Agreement will be eligible to receive:

    ❖ **Reimbursement for Ordinary Losses:** Compensation for unreimbursed ordinary losses out-of-pocket ordinary losses that are fairly traceable to the Incident, up to five hundred dollars ($500) to each Class Member, upon submission of a valid Claim Form;

    ❖ **Reimbursement for Extraordinary Losses:** Compensation  up to five thousand dollars ($5,000) in reimbursement for Extraordinary Losses to each Class Member that submits a timely and valid Claim Form, including necessary supporting documentation, for proven monetary losses if: (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was caused by the Incident; (iii) the loss occurred between February 11, 2023, and May 14, 2025; (iv) the loss is not already covered by one or more of the normal reimbursement categories; and (v) the Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss.

    ❖ **Reimbursement for Lost Time:** Class Members with time spent remedying issues related to the Incident may receive reimbursement for up to four (4) hours of lost time at twenty-one dollars and twenty-five cents ($21.25) per hour, but only if at least one (1) full hour was spent. Class Members may submit Claims for up to four (4) hours of lost time with an attestation that the lost time was spent responding to issues raised by the Incident; OR

    ❖ **Alternate Cash Payment:** Instead of selecting reimbursement for Ordinary Losses, Extraordinary Losses or Lost Time, a Class Member may submit a Claim for an

Alternative Cash Payment of sixty-five dollars ($65) each; AND

❖ **Identity Theft Protection and Credit Monitoring:** Class Members can enroll in two years of credit monitoring and identity theft protection services from a mutually acceptable service provider at no cost to Class Members. The services must include credit monitoring with all three credit bureaus and at least $1,000,000 in identity theft insurance.

- To submit a Claim or obtain more information visit **www.BurtonDataIncident.com** or call **(833) 876-1397** to request a Claim Form no later than **May 14, 2025**.

- **Please read this Notice carefully. Your legal rights will be affected, and you have a choice to make at this time.**

| | Summary of Legal Rights | Deadline(s) |
|---|---|---|
| **Submit a Claim Form** | The only way to receive an Alternative Cash Payment, reimbursement for Ordinary Losses, Extraordinary Losses, Lost Time, or Credit Monitoring from the Settlement. | Submitted or postmarked on or before **May 14, 2025**. |
| **Exclude Yourself by Opting Out of the Class** | Receive no benefit from the Settlement. This is the only option that allows you to keep your right to bring any other lawsuit against Burton relating to the Incident. | Mailed and postmarked on or before **April 14, 2025**. |
| **Object to the Settlement and/or Attend the Final Approval Hearing** | You can write the Court about why you agree or disagree with the Settlement. The Court cannot order a different Settlement. You can also ask to speak at the Final Approval Hearing on **May 16, 2025,** at 10:00 AM about the fairness of the Settlement, with or without your own attorney. | Mailed and postmarked on or before **April 14, 2025**. |
| **Do Nothing** | You will not receive any cash payment from this class action Settlement. You are still eligible for credit monitoring. | N/A |

- Your rights and options as a Class Member – **and the deadlines to exercise your rights** – are explained in this Notice.

- The Court still will have to decide whether to approve the Settlement. Payments to Class Members will be made only if the Court approves the Settlement and after any possible appeals are resolved.

| What This Class Notice Contains |
|:---:|

**Basic Information** ................................................................................................................ **4**

**Who is in the Settlement** ..................................................................................................... **4**

**The Settlement Benefits—What You Get if You Qualify** ................................................... **5**

**How Do You Submit a Claim** ............................................................................................. **6**

**Excluding Yourself from the Settlement** ............................................................................ **7**

**Objecting to the Settlement** ................................................................................................ **8**

**The Lawyers Representing You** .......................................................................................... **9**

**The Court's Final Approval Hearing** .................................................................................. **9**

**If You Do Nothing** ............................................................................................................ **10**

**Additional Information** ...................................................................................................... **11**

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**

- 3 -

## BASIC INFORMATION

| 1. | Why is there a Notice? |
|---|---|

The Court authorized this Notice because you have a right to know about the Settlement, and all of your options, before the Court decides whether to give final approval to the Settlement. This Notice explains the nature of the lawsuit that is the subject of the Settlement, the general terms of the Settlement, and your legal rights and options.

The Honorable Judge Geoffrey W. Crawford of the United States District Court for the District of Vermont is overseeing this case captioned as *Morgan v. The Burton Corporation d/b/a Burton Snowboards,* Case No. 2:23-cv-00366-GWC. The person who brought the lawsuit is called the Class Representative. The company being sued, The Burton Corporation, is called the Defendant.

| 2. | What is the Action about? |
|---|---|

The Action alleges that on or about March 27, 2023, Plaintiff received notice from Defendant that it was the target of a cyberattack Incident, which may have resulted in the compromise of Plaintiff's PII.

Burton denies any wrongdoing whatsoever. No court or other judicial body has made any judgment or other determination that Burton has done anything wrong.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called "Class Representatives" or "Plaintiffs" sue on behalf of all people who have similar claims. Together, all of these people are called a "Class," and the individuals are called "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Settlement Class.

| 4. | Why is there a Settlement? |
|---|---|

The Court has not decided in favor of the Plaintiff or Burton. Instead, both sides agreed to the Settlement. The Settlement avoids the cost and risk of a trial and related appeals, while providing benefits to Class Members. The Class Representative appointed to represent the Settlement Class, and the attorneys for the Settlement Class, Class Counsel, think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

| 5. | How do I know if I am part of the Settlement? |
|---|---|

You are affected by the Settlement and potentially a Class Member if you are a person whose PII was potentially accessed in the Incident.

Only Class Members are eligible to receive benefits under the Settlement. Specifically excluded from the Settlement Class are: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads nolo contendere to any such charge.

| 6. | What if I am not sure whether I am included in the Settlement? |
|---|---|

If you are not sure whether you are included in the Settlement, you may call (833) 876-1397 with questions. You may also write with questions to:

*Burton Incident Action*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

## THE SETTLEMENT BENEFITS–WHAT YOU GET IF YOU QUALIFY

| 7. | What does the Settlement provide? |
|---|---|

The Settlement provides the following reimbursement to Class Members who submit valid and timely Claim Forms: (a) reimbursement for Ordinary Losses (b) reimbursement for Extraordinary Losses; (c) reimbursement for Lost Time; or (d) an Alternative Cash Payment, instead of selecting a reimbursement; and (e) credit monitoring and identity theft protection. Claims will be subject to review for completeness, plausibility, and reasonable traceability to the Incident by the Settlement Administrator. Valid Claims will be reimbursed.

Class Members seeking reimbursement for expenses or losses described below must complete and submit a Claim Form to the Settlement Administrator, together with necessary supporting documentation (other than for Claims for Lost Time), postmarked or submitted online via the Settlement Website, no later than **May 14, 2025**. Claims may not be made for the same loss or injury that was reimbursed or compensated by any other source.

Burton provided reasonable assurances that it has implemented data security changes and data breach mitigation measures.

| 8. | What payments are available for reimbursement under the Settlement? |
|---|---|

Class Members that submit a valid and timely Claim Form may qualify for one or more of the following:

a) ***Reimbursement for Ordinary Losses***: Class Members may make a Claim for reimbursement for unreimbursed out-of-pocket ordinary losses that are fairly traceable to the Incident, up to five hundred dollars ($500) to each Class Member.

- Class Members must submit reasonable documentation supporting a claim for reimbursement of ordinary or Extraordinary Losses shall include, credit card statements, bank statements, invoices, telephone records, and receipts.

- These ordinary losses may include the following:

  - *Unreimbursed losses relating to fraud or identity theft;* professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit

reporting agency; credit monitoring costs that were incurred on or after mailing of the notice of the Incident, through the date of claim submission; and miscellaneous expenses such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

b) ***Reimbursement for Extraordinary Losses:*** Class Members may make a Claim for up to five thousand dollars ($5,000) in reimbursement for Extraordinary Losses. Submission of a Claim Form must include necessary supporting documentation, for proven monetary losses if:

- The loss is an actual, documented, and unreimbursed monetary loss;

- The loss was more likely than not caused by the Incident;

- The loss occurred between February 11, 2023, and May 14, 2025;

- The loss is not already covered by one or more of the normal reimbursement categories; and

- The Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including all available credit monitoring insurance and identity theft insurance.

c) ***Reimbursement for Lost Time:*** Class Members with time spent remedying issues related to the Incident may a Claim for reimbursement for up to four (4) hours of lost time at twenty-one dollars and twenty-five cents ($21.25) per hour, but only if at least one (1) full hour was spent. Class Members may submit Claims for up to four (4) hours of Lost Time with an attestation that the Lost Time was spent responding to issues raised by the Incident.

d) ***Alternative Cash Payment:*** Instead of selecting reimbursement for Ordinary Losses, Extraordinary Losses or Lost Time, a Class Member may submit Claims for compensation of sixty-five dollars ($65) each; AND

e) ***Identity Theft Protection and Credit Monitoring***: Class Members can enroll in two years of credit monitoring and identity theft protection services from a mutually acceptable service provider at no cost to Class Members. The services must include credit monitoring with all three credit bureaus and at least $1,000,000 in identity theft insurance.

## HOW DO YOU SUBMIT A CLAIM?

**9.   How do I get a Settlement benefit?**

To receive reimbursement, an Alternative Cash Payment, or identity theft protection and credit monitoring, you must complete and submit a Claim online at **www.BurtonDataIncident.com** or by mail to *Morgan v. The Burton Corp.*, c/o Kroll Settlement Administration LLC, PO Box 225391, New York, NY 10150-5391. Read the Claim Form instructions carefully, fill out the Claim Form, provide the required documentation, and submit online by **May 14, 2025**, or by mail postmarked by **May 14, 2025**.

## 10.  How will Claims be decided?

The Settlement Administrator will decide whether and to what extent any Claim made on each Claim Form is a Facially Valid.  The Settlement Administrator may require additional information from you.  If you do  not provide the additional information in a timely manner, the Claim will be considered invalid and  will not be paid.

The Settlement Administrator, in its sole discretion to be reasonably exercised, will determine whether:

- (i)    the claimant is a Class Member;
- (ii)   the claimant has provided all information needed to complete the Claim Form, including any documentation or certification that may be necessary to reasonably support the losses (except Claims for Lost Time); and
- (iii)  with respect to claims for Ordinary Losses, the out-of-pocket expenses claimed were fairly traceable to the Incident, and, with respect to claims for Extraordinary Losses, that the loss was caused by the Incident.

## 11.  When will I get my reimbursement or Alternative Cash Payment?

The Court will hold a Final Approval Hearing on **May 16, 2025, at 10:00 a.m. ET** to decide whether to approve the  Settlement.  If the Court approves the Settlement, there may be appeals from that decision and  resolving them can take time.  It also takes time for all of the Claim Forms  to be processed. Please be patient. Payments will begin after the Settlement has obtained Court approval and the time for all appeals has expired.

## 12.  What am I giving up as part of the Settlement?

Burton and its affiliates will receive a release from all claims that could have been or that were brought against Burton relating to the Incident. Thus, if the Settlement becomes final and you do not exclude yourself from the Settlement, you will be a Class Member and you will give up your right to sue Burton and Channel Islands Surfboards, and their parents, subsidiaries, predecessors, successors, divisions, joint ventures, affiliates, and related entities and all their respective past and present directors, officers, managers, shareholders, employees, partners, principals, agents, attorneys, contractors, insurers, reinsurers, subrogees, assigns and related or affiliated entities.  This release is described in the Settlement Agreement, which is available at **www.BurtonDataIncident.com**.  If you have any questions, you can talk to the law firms  listed in Question 18 for free or you can talk to your own lawyer.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be part of the Settlement, then you must take steps to exclude yourself from the Class. This is sometimes referred to as "opting out" of the Class.

## 13.  If I exclude myself, can I get a payment from this Settlement?

No. If you exclude yourself, you will not be entitled to receive any benefits from the Settlement.

**14.  If I do not exclude myself, can I sue Released Parties for the same thing later?**

No.  Unless you exclude yourself, you give up any right to sue Burton and any other Released Party for any claim that could have been or was brought relating to the Incident.  You  must exclude  yourself from the Settlement to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**15.  How do I exclude myself from the Settlement?**

To exclude yourself, send a Request for Exclusion or written notice of intent to opt-out that says you want to be excluded from the Settlement in *Morgan v. The Burton Corporation d/b/a Burton Snowboards,* Case No. 2:23-cv-00366-GWC. The letter must: (1) state the Class Member's full name and current address, and be personally signed; and (2) specifically state his or her desire to be excluded from the Settlement and from the Class. You must mail your Request for Exclusion postmarked by **April 14, 2025,** to:

*Burton Data Incident*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

## OBJECTING TO THE SETTLEMENT

**16.  How do I tell the Court that I do not like the Settlement?**

You can tell the Court that you do not agree with the Settlement or some part of it by objecting to  the Settlement.  To  submit a valid objection to the Settlement, an objecting Class Member must mail a letter to the Settlement Administrator at the mailing address listed below, postmarked by **no later** than  the last day of the Objection Date, **April 14, 2025.**

*Burton Incident Action*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

Your objection must be written and must include all the following:

i)      the objector's full name, current address, current telephone number, and be personally signed;

ii)     the case name and case number, *Morgan v. The Burton Corporation d/b/a Burton Snowboards*, Case No. 2:23-cv-00366-GWC (United States District Court for the District of Vermont);

iii)    documentation sufficient to establish membership in the Class, such as a copy of the Postcard Notice the objector received;

iv)     a statement of the position(s) the objector wishes to assert, including the factual and legal grounds for the position;

v)      copies of any other documents that the objector wishes to submit in support of the objector's position;

vi)     whether the objecting Class Member intends to appear at the Final Approval Hearing; and

vii)    whether the objecting Class Member is represented by counsel and, if so, the name, address,

and telephone number of the objector's counsel.

| **17.  What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like the Settlement or parts of it and why you do not think it should be approved. You can object only if you are a Class Member. Excluding yourself is telling the Court that you do not want to be part of the Class and do not want to receive any payment from the Settlement. If you exclude yourself, you have no basis to object because you are no longer a Class Member, and the case no longer affects you. If you submit both a valid objection and a valid Request for Exclusion, you will be deemed to have only submitted the request to be excluded.

## THE LAWYERS REPRESENTING YOU

| **18.  Do I have a lawyer in this case?** |
|---|

Yes. The Court appointed Shillen Mackall & Seldon, Cohen & Malad, LLP, Stranch, Jennings & Garvey, PLLC, and Strauss Borrelli PLLC, as Class Counsel to represent the Settlement Class in Settlement negotiations. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **19.  How will the lawyers be paid?** |
|---|

Class Counsel will file a motion for Plaintiff's Counsel's Fees and Expenses of up to $170,000, inclusive of expenses. This amount would be paid by the Defendant. Any such award would compensate Class Counsel for investigating the facts, litigating the case, and negotiating the Settlement and will be the only payment to them for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis.
Class Counsel will also ask the Court for a Service Award up to $5,000 for the Class Representative.

Any motion for Plaintiff's Counsel's Fees and Expenses and Service Award to the Class Representative must be approved by the Court. The Court may award less than the amounts requested. Class Counsel's papers in support of the apply for Plaintiffs' Counsel's Fees and Expenses and Service Award to the Court within thirty (30) calendar days of the Class Notice Date of February 13, 2025.

## THE COURT'S FINAL APPROVAL HEARING

| **20.  When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold a Final Approval Hearing at **10:00 a.m. ET on May 16, 2025,** via video conference, as ordered by the Court. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely and valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the apply for Plaintiffs' Counsel's Fees and Expenses and Service Awards for the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take. The hearing may be moved to a different date or time without additional Notice, so Class Counsel recommends checking the Settlement Website **www.BurtonDataIncident.com**, or calling **(833) 876-1397**.

**21. Do I have to attend the hearing?**

No. Class Counsel will present the Settlement Class to the Court. You or your own lawyer are welcome to attend at your expense, but you are not required to do so. If you send an Objection, you do not have to visit the Court to talk about it. As long as you filed your written Objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must file an Objection according to the instructions in Question 16, including all the information required. Your Objection must be **mailed** to the Settlement Administrator, at the mailing addresses listed below, postmarked by no later than **April 14, 2025**.

## IF YOU DO NOTHING

**23. What happens if I do nothing?**

If you do nothing, you will not receive any cash payment or credit monitoring from this Settlement. If the Settlement is granted final approval and becomes final, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Burton or the other Released Parties based on any claim that could have been or that was brought relating to the Incident.

## ADDITIONAL INFORMATION

**24. How do I get more information?**

This Notice summarizes the Settlement. More details are in the Settlement Agreement itself. A copy of the Settlement Agreement is available at **www.BurtonDataIncident.com**. You may also call the Settlement Administrator with questions or to receive a Claim Form at (833) 876-1397.

**25. What if my contact information changes or I no longer live at my address?**

It is your responsibility to inform the Settlement Administrator of your updated information. You may do so at the address below, or by using the Contact form on the Settlement Website, **www.BurtonDataIncident.com**.

*Burton Incident Action*
c/o Kroll Settlement Administration LLC
P.O. Box 225391
New York, NY 10150-5391

Exhibit E

8 3 1 3 7 0 0 0 0 0 0 0 0

<table>
<tr><td>

**Your claim must be submitted online or postmarked by:**

**May 14, 2025**

</td><td></td><td>

**BURTON-C**

</td></tr>
</table>

## CLAIM FORM

*Morgan v. The Burton Corporation d/b/a Burton Snowboard*
Case No. 2:23-cv-00366-GWC
United States District Court, District of Vermont

## GENERAL INSTRUCTIONS

If you received a Class Notice, the Settlement Administrator identified you as Class Member who may have been involved in an Incident and were notified by The Burton Corporation ("Burton") on or around March 27, 2023. You may submit a Claim for Settlement benefits, outlined below. Please refer to the Long Form Notice posted on the Settlement Website www.BurtonDataIncident.com, for more information on submitting a Claim Form.

**To receive reimbursement for ordinary losses, Extraordinary Losses or Lost Time from this Settlement, you MUST submit the Claim Form below, which can also be done electronically at www.BurtonDataIncident.com by May 14, 2025.**

This Claim Form may also be mailed to the address below. Please type or legibly print all requested information, in blue or black ink. Mail your completed Claim Form, including any supporting documentation, by U.S. mail to:

*Burton Incident Action*

c/o Kroll Settlement Administration LLC

P.O. Box 225391

New York, NY 10150-5391

<u>**You may submit a Claim for the following benefits:**</u>

1) **Reimbursement for Ordinary Losses**: Reimbursement for unreimbursed out-of-pocket ordinary losses that are fairly traceable to the Incident, up to five hundred dollars $500 to each Class Member;

2) **Reimbursement for Extraordinary Losses:** Reimbursement up to five thousand dollars $5,000 in reimbursement for Extraordinary Losses to each Class Member upon submission of a Claim Form, including necessary supporting documentation;

3) **Reimbursement for Lost Time**: Reimbursement for up to four (4) hours of lost time at twenty-one dollars and twenty-five cents ($21.25) per hour, but only if at least one (1) full hour was spent;

   OR

4) **Alternative Cash Payment**: Instead of selecting any of the above reimbursement types, a Class Member may submit Claims for compensation of $65;

   AND

5) **Identity Theft Protection and Credit Monitoring:** Receive two (2) years of credit monitoring and identity theft protection services at no cost to you. The service includes credit monitoring with all three credit bureaus and at least $1,000,000 in identity theft insurance. This benefit may be combined with any of the above benefit types.

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**

  

8 3 1 3 7 0 0 0 0 0 0 0

## I. PAYMENT SELECTION

If you would like to elect to receive your cash payment through electronic transfer, please visit the Settlement Website and timely file your Claim Form. The Settlement Website includes a step-by-step guide for you to complete the electronic payment option.

## II.  CLASS MEMBER NAME AND CONTACT INFORMATION

Provide your name and contact information below. You must notify the Settlement Administrator if your contact information changes after you submit this Claim Form.

_____    _____
**First Name**                                                          **Last Name**

_____
**Address 1**

_____
**Address 2**

_____  ___ ___    ___ ___ ___ ___ ___
**City**                                                                      **State**              **Zip Code**

**Email Address (optional):** _____ @ _____

**Telephone Number:** ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____

## III.  PROOF OF INCIDENT CLASS MEMBERSHIP

☐    Check this box to certify that you are an individual who may have been involved in the Incident and were notified that their PII may have been impacted as a result of the Incident.

Enter the Class Member ID number provided on your Postcard Notice:

**Class Member ID : 8 3 1 3 7** ____ ____ ____ ____ ____ ____ ____ ____

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**


83137


CF


Page 2 of 5

8 3 1 3 7 0 0 0 0 0 0 0 0

## IV. REIMBURSEMENT FOR ORDINARY LOSSES

Class Members may submit a Claim for up to five hundred dollars $500 of ordinary losses fairly traceable to the Incident.,

*Ordinary losses incurred* as a direct result of the Incident, including but not limited to:

    (i)    *Unreimbursed losses relating to fraud or identity theft;* professional fees including attorneys' fees, accountants' fees, and fees for credit repair services; costs associated with freezing or unfreezing credit with any credit reporting agency; credit monitoring costs that were incurred on or after mailing of the notice of the Incident, through May 14, 2025; and

    (ii)    *Miscellaneous expenses* such as notary, fax, postage, copying, mileage, and long-distance telephone charges.

**You must submit documentation to obtain this reimbursement.**

☐ I have attached documentation showing that the claimed losses were more likely than not caused by the Incident. I have submitted reasonable documentation supporting their Claims for ordinary losses. Reasonable documentation supporting a claim for reimbursement of ordinary or Extraordinary Losses shall include, but not be limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Failure to provide supporting documentation as requested on the Claim Form shall result in the denial of a Claim.

| Cost Type (Fill all that apply) | Approximate Date of Out-of-Pocket Loss | Amount of Out-of-Pocket Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7/17/2 0 (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | | | |
| | | | |
| | | | |

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**

  



## V. REIMBURSEMENT FOR EXTRAORDINARY LOSSES

Class Members may submit a Claim for Reimbursement up to five thousand dollars $5,000, fairly traceable to the Incident.,

*Extraordinary losses incurred* as a direct result of the Incident, including but not limited to:

(i)    The loss is an actual, documented, and unreimbursed monetary loss;

(ii)   The loss was more likely than not caused by the Incident;

(iii)  The loss occurred between February 11, 2023, and May 14, 2025;

(iv)   The loss is not already covered by one or more of the normal reimbursement categories; and

(v)    The Class Member made reasonable efforts to avoid, or seek reimbursement for, the loss, including all available credit monitoring insurance and identity theft insurance.

**You must submit documentation to obtain this reimbursement.**

☐ I have attached documentation showing that the claimed losses were more likely than not caused by the Incident. I have submitted reasonable documentation supporting their Claims for Extraordinary Losses. Reasonable documentation supporting a claim for reimbursement of ordinary or Extraordinary Losses shall include, but not be limited to, credit card statements, bank statements, invoices, telephone records, and receipts. Failure to provide supporting documentation as requested on the Claim Form shall result in the denial of a Claim.

| Cost Type (Fill all that apply) | Approximate Date of Out-of-Pocket Loss | Amount of Out-of-Pocket Loss | Description of Supporting Reasonable Documentation (Identify what you are attaching and why) |
|---|---|---|---|
| Example: Identity Theft Protection Service | <u>0 7/17/2 0</u> (mm/dd/yy) | $50.00 | Copy of identity theft protection service bill |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |
| | ___/___ ___/___ ___ (mm/dd/yy) | $_____._____ | |

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**

  

8 3 1 3 7 0 0 0 0 0 0 0 0

## VI. REIMBURSEMENT FOR LOST TIME

☐ **Lost Time**. Are you claiming a reimbursement for up to four (4) hours of lost time at $21.25 per hour, spent dealing with the Incident? If yes, fill out section below. You do not need to provide supporting documentation for this benefit.

☐ I affirm that I spent time if at least one (1) full hour dealing with the effects or perceived effects of the Incident and stating the amount of time (up to 4 hours) that I spent dealing with the effects of the Incident.

Time Spent: ☐ 1 hour   ☐ 2 hours   ☐ 3 hours   ☐ 4 hours

## VII. ALTERNATE CASH PAYMENT

By checking the below box, I choose a $65 Alternative Cash Payment. **Do not select this if you chose an option above**.

☐ Yes, I choose an Alternative Cash Payment of $65, instead of the reimbursement for ordinary losses, Extraordinary Losses or Lost Time above.

## VIII. IDENTITY THEFT PROTECTION AND CREDIT MONITORING

Class Members may elect to receive two (2) years of credit monitoring and identity theft protection services at no cost to them. The service includes credit monitoring with all three credit bureaus and at least $1,000,000 in identity theft insurance. This benefit may be combined with any of the above benefit types.

If your claim is approved, you will be emailed an activation code and instructions on how to set up your identity theft protection and credit monitoring. Your protection and monitoring will not be active until you activate it.

☐ Yes, I choose to receive identity theft protection and credit monitoring.

You <u>must</u> provide an email address to receive your activation code:

_____@_____
          email address (required)

## IX.  ATTESTATION & SIGNATURE

I swear and affirm under the laws the United States that the information I have supplied in this Claim Form is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

_____     ____ ____ / ____ ____ / ____ ____ ____ ____
Signature                                                                    Date

_____
Print Name

**Questions? Go to www.BurtonDataIncident.com or call (833) 876-1397**


