U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 MAY 16  AM 10: 36

CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| DAVID MORGAN, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) v. ) Civil Action No. 2:23-CV-00366-GWC ) THE BURTON CORPORATION d/b/a ) BURTON SNOW BOARDS, ) ) Defendant. ) | |

## ORDER GRANTING FINAL APPROVAL, CLASS COUNSEL'S FEE REQUEST, AND CLASS REPRESENTATIVE'S SERVICE AWARD

Plaintiff David Morgan and Defendant The Burton Corporation, by their respective counsel, have submitted a Class Action Settlement Agreement and Release (the "Settlement") to this Court, and Plaintiff has moved under Federal Rule of Civil Procedure 23(e) for an order: (1) certifying the Settlement Class for purposes of settlement only and appointing Plaintiff as the Class Representative and his counsel as Class Counsel; and (2) granting final approval to the Settlement. Moreover, Plaintiff moves for an award of $170,000 in fees and expenses, as well as a $5,000 Service Award to Plaintiff as the Class Representative. The Court has considered the terms of the Settlement, the exhibits to the Settlement, the record of proceedings, and all papers and arguments submitted in support, and now finds that the motion should be, and hereby is, **GRANTED**.

**ACCORDINGLY, THE COURT FINDS AND ORDERS:**

1. This Court has jurisdiction over the subject matter of this lawsuit and jurisdiction over the Plaintiffs and Defendant (the "Parties").

2. Capitalized terms not otherwise defined in this Order have the definitions set forth in the Settlement.

1

## SUMMARY OF THE LITIGATION AND SETTLEMENT

3. On July 19, 2023, Plaintiff filed this class action in Vermont Superior Court, and Defendant removed the case to this Court. ECF No. 6. The complaint alleges that on or about March 27, 2023, Plaintiff received notice from Defendant that it was the target of a cyberattack (the "Incident"), which may have resulted in the compromise of Plaintiff's personally identifiable information ("PII"). The complaint asserts claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, invasion of privacy, and violations of various state statutes. *Id.*

4. Defendant filed a motion to dismiss the complaint, which the parties fully briefed. ECF Nos. 10, 11, 15. The parties then availed themselves of the Court's Early Neutral Evaluator program by selecting experienced mediator Bennett G. Picker to mediate. ECF No. 22. After exchanging sufficient information to evaluate the case, the parties engaged in a mediation on April 18, 2024, during which they reached agreement on the material terms of a settlement, other than payments of attorneys' fees and service awards. ECF No. 26. Subsequently, the parties worked out an agreement on fees and service awards and executed the final Settlement.

5. Under the terms of the Settlement, Class Members can claim the following benefits:

- Reimbursement of up to $500 for Ordinary Losses, such as costs of credit monitoring, for each Class Members;

- Reimbursement of up to $5,000 for Extraordinary Losses, such as fraud attributable to the data incident;

- Reimbursement of Lost Time spent dealing with the data incident at $21.25/hour up to 4 hours total;

- An Alternative Cash Payment of $65, without the need to show any proof of actual loss or harm;

- Two years of three-bureau credit monitoring with at least $1 million in identity theft insurance.

6. In addition to these benefits, Defendant has agreed to pay attorneys' fees of up to $170,000 and a service award of $5,000 for the Class Representative. And Defendant will pay the costs of notice and settlement administration.

7. The Settlement also provides for emailed and mailed Notice to the Settlement Class, along with long-form notice posted to the Settlement Website, and the proposed Notices are included as exhibits to the Settlement.

## NOTICE OF THE SETTLEMENT

8. The Settlement Administrator has provided a declaration showing that the Notice Plan was administered in accordance with the Settlement and the Preliminary Approval Order. The Court therefore finds that the Notice Plan constituted the best notice practicable under the circumstances and fulfills the requirements of Federal Rule of Civil Procedure 23 and Due Process.

## OBJECTIONS AND OPT OUTS

9. The deadline to file any objections to the Settlement, or to opt-out of it, has passed. No Class Members timely objected to or opted out of the Settlement.

## FINAL APPROVAL

10. Federal Rule of Civil Procedure 23(e) requires court approval of class action settlements. The final stage in the process requires the Court to find that the settlement is "fair, reasonable, and adequate" and that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) and one subsection of 23(b), here subsection 23(b)(3). Fed. R. Civ. P. 23(e). The Court finds that each of these requirements is met.

I.      **The Settlement is "fair, reasonable, and adequate."**

11.     This Circuit has recognized a "strong judicial policy in favor of settlements, particularly in the class action context." *McReynolds v. Richards-Cantave*, 588 F.3d 790, 803 (2d Cir. 2009). "The compromise of complex litigation is encouraged by the courts and favored by public policy." *Springer v. Code Rebel Corp.*, 2018 WL 1773137, at *2 (S.D.N.Y. Apr. 10, 2018) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.* ("*Visa*"), 396 F.3d 96, 117 (2d Cir. 2005) (citation omitted)). "Courts encourage early settlement of class actions, when warranted, because early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere." *Hadel v. Gaucho, LLC*, 2016 WL 1060324, at *2 (S.D.N.Y. Mar. 14, 2016) (citations omitted). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Visa*, 396 F.3d at 116 (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).

12.     Under Federal Rule of Civil Procedure 23(e)(2), as amended in December 2018, in considering whether a proposed settlement is "fair, reasonable, and adequate," the Court considers whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

   (i) the costs, risks, and delay of trial and appeal;

   (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

   (iii) the terms of any proposed award of attorney's fees, including timing of payment; and

4

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

13. Under this standard, the Court finds that the Settlement is "fair, reasonable, and adequate." The Settlement is procedurally fair, reasonable, and adequate in that the Class Representative and Class Counsel have adequately represented the Settlement Class in litigating the merits of the dispute and in obtaining a Settlement of significant value through arm's-length negotiations by sophisticated counsel and under the auspices of a sophisticated mediator. Fed. R. Civ. P. 23(e)(2)(A)–(B). Likewise, the Settlement is substantively fair, reasonable, and adequate in that the relief provided is substantial particularly when taking into account the costs, risks, and delays of trial. Fed. R. Civ. P. 23(e)(2)(C). There are several available levels and types of relief provided by the Settlement to take into account different potential harms and levels of proof. *Id.* Attorneys' fees will be separately determined by the Court. *Id.* The Parties have represented that there are no agreements to be identified under Fed. R. Civ. P. 23(e)(3). *Id.* Finally, the proposal treats Settlement Class Members equitably relative to one another because because Class Members can choose among different types of relief, with the Alternative Cash Payment not requiring proof of loss at all. Fed. R. Civ. P. 23(e)(2)(D). Additionally, the response of the Settlement Class to notice of the Settlement supports final approval.

## II. The Settlement Class meets the requirements for class certification for purposes of entering judgment on the Settlement.

14. The Court further finds that the Settlement Class meets the requirements for class certification under Federal Rule of Civil Procedure 23(a) (numerosity, commonality, typicality, and adequacy) and Federal Rule of Civil Procedure 23(b)(3) (predominance and superiority).

15. The Court therefore certifies, for settlement purposes only, the Settlement Class, defined as:

> All persons whose personally identifiable information was potentially accessed in the data security incident alleged in the Complaint, ECF No. 1-2.[1]

16. No Class Members objected to the Settlement or timely and validly opted out.

17. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Plaintiffs' Counsel as Class Counsel and appoints Plaintiff as the Class Representative.

18. Specifically, the Court finds for settlement purposes that the Settlement Class satisfies the following requirements of Federal Rule of Civil Procedure 23:

(a)(1) <u>Numerosity</u>: There are thousands of members of the Settlement Class spread across numerous states. Joinder is therefore impracticable. *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (holding that "[n]umerosity is presumed for classes larger than forty members. numerosity is presumed at a level of 40 members").

(a)(2) <u>Commonality</u>: There are questions of law and fact common to the members of the Settlement Class, specifically the class-wide question of whether Defendant's data security practices met appropriate standards. Because of this, there exists "the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

---

[1] Excluded from the Settlement Class are: (1) the Judge presiding over the Action, any members of the Judge's staff, and immediate members of the Judge's family; (2) officers, directors, members and shareholders of Defendant; (3) persons who timely and validly request exclusion from the Settlement Class; (4) the successors and assigns of any such excluded persons; and (5) any person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Incident or who pleads *nolo contendere* to any such charge.

(a)(3) <u>Typicality</u>:    The Class Representative's claims are typical of the claims of the Settlement Class. The Class Representative's claim is that they were damaged as a result of a data breach that was allegedly caused by Defendant's failure to adequately guard private information. These are the same claims as the claims of the Settlement Class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) (typicality is satisfied where "the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented.").

(a)(4) <u>Adequacy</u>:    The Class Representative will fairly and adequately protect the interests of the Settlement Class because he shares the same claims as the Settlement Class, has no interests in conflict with the Settlement Class, and Class Counsel is qualified to conduct the litigation. *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (holding that adequacy is satisfied where "there is no conflict of interest between the named plaintiffs and other members of the plaintiff class" and "class counsel is qualified, experienced, and generally able to conduct the litigation").

(b)(3) <u>Predominance</u>: Questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members, specifically the predominate question of Defendant's duty with respect to safeguarding Class Member information and whether Defendant breached that duty. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 227-28 (2d Cir. 2006) (holding that predominance is satisfied where "issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof").

(b)(3) Superiority: A class action is superior to other available methods for fairly and efficiently adjudicating the controversy, particularly because the individual claims are numerous and small-value and therefore the class action device provides a superior method for their resolution in a single proceeding. *See Sykes v. Mel Harris & Assocs. LLC*, 285 F.R.D. 279, 294 (S.D.N.Y. 2012) (noting that "the class members' interests in litigating separate actions is likely minimal given their potentially limited means with which to do so and the prospect of relatively small recovery in individual actions").

19. Additionally, the Court finds that the Settlement Class is ascertainable because it is defined by reference to objective criteria. *In re Petrobras Securities Litigation*, 862 F.3d 250, 257 (2d Cir. 2017).

20. The Court, therefore, grants final approval and directs the parties to implement all aspects of the Settlement triggered by such final approval.

21. Moreover, the Court finds that the requested fees and expenses are reasonable and that the factors identified by the Second Circuit in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), support the request. In particular: (1) Class Counsel expended the necessary time and labor necessary to achieve a valuable settlement in an efficient manner; (2) courts recognize that data breach litigation is inherently complex; (3) there was significant risk in pursuing the case as this area of law is relatively new with little to no trial data; (4) the quality of representation was strong, such that counsel was able to secure the settlement; (5) the requested fee in relation to the benefits to the Class is favorable and the fee is being paid in addition to, and not from, the Class benefits; and (6) public policy favors encouraging lawyers to represent consumers in litigation where they would be otherwise unable to obtain representation.

22.   The Court likewise finds that the requested service award is reasonable. Without the efforts of the Class Representative there may have been no suit at all, yet his effort here has produced a substantial benefit for thousands of others who did not need to take the time and effort to bring suit. In addition, the requested amount is within the range awarded by courts and is also being paid by Defendant in addition to, and not as a reduction of, the benefits to the Class Members.

23.   The Court therefore grants Plaintiff's motion for attorneys' fees and expenses in the amount of $170,000 and for a Service Award to Plaintiff as Class Representative of $5,000.

## RELEASE

24.   As of the Effective Date, the releases set forth in the Settlement shall become effective and binding on the Parties and those persons included in the certified class.

## JUDGMENT

25.   This Order resolves all issues in this lawsuit between all parties and, therefore, constitutes a final judgment. The Clerk shall enter the judgment separately as provided by Federal Rule of Civil Procedure 58. The Court retains jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement and to supervise and adjudicate any disputes arising from the Settlement.

**IT IS SO ORDERED.**

Date:   16 May 2025

/s/ Geoffrey W. Crawford
United States District Judge